[Filed May 27, 1887.]

## STATE OF OREGON, RESPONDENT, v. RICHARD E. MARPLE, APPELLANT.

JUDGMENT IN CRIMINAL ACTION. — Where a judgment dated April 9, 1887, provides that the defendant be hanged on the twenty-ninth day of June, 1887, and a warrant of execution is issued reciting the judgment of conviction, and appointing the second day of June, 1887; *held*, that this was an irregularity under section 1421 of Hill's Code, providing that the warrant of death must be executed "not less than thirty nor more than sixty days from the time of judgment," but not such as would warrant granting a new trial, and that the judgment should be modified so as to adjudge in effect that defendant be detained until such day as shall be named in the warrant of execution to be thereafter designated by the court from which the appeal was taken; that the first warrant be set aside, and the case remanded, with directions to carry out the judgment of death in accordance with the verdict of the jury.

APPEAL from Yamhill County.    Modified.

*H. Y. Thompson*, for Appellant.

The verdict is fatally defective, in that it does not specify the degree of the crime of which the defendant is convicted. (Code, 363; *People* v. *Campbell*, 40 Cal. 129; Bishop on Criminal Law, § 797; *State* v. *Dowd*, 19 Conn. 388; *Oliver* v. *State*, 17 Ala. 587; *People* v. *Marquis*, 15 Cal. 38; 3 Graham & Waterman on New Trials, 1378; *Dick* v. *State*, 3 Ohio St. 89; *Park* v. *State*, 4 Ohio St. 234.)

There is no valid death warrant. The judgment is that the defendant be executed on June 29th. The warrant directs his execution on June 2d.

*Geo. W. Belt*, District Attorney, and *McCain & Hurley*, for Respondent.

The fixing of the date of execution in the judgment is void, and is not a part of the sentence. (*Lowenburg* v. *People*, 27 N. Y. 337; *Gray* v. *State*, 55 Ala. 86.)

Statutes directing prisoners to be executed within a certain time are directory simply. (20 Ala. 15; Bishop on Statutory Crimes, § 255.)

This court will not reverse for error that which could not prejudice defendant. (*State* v. *Brown*, 7 Or. 186; *State* v. *Fitzhugh*, 2 Or. 227; Code, 362, § 70; *Hawkins* v. *State*, 44 Am. Dec. 431; *Terr* v. *O'Kelly*, 1 Or. 51.)

By the COURT. — The appellant was indicted, tried, and convicted in the above court of the crime of murder in the first degree, and the following judgment and sentence were given against him: —

"April 9, 1887.

"*State of Oregon* v. *Richard E. Marple*.

"INDICTMENT FOR MURDER.

"Now at this day this cause comes on for hearing on the motion of the said defendant to set aside the verdict of the jury heretofore rendered in this cause, and for a new trial, the State appearing by Geo. W. Belt, prosecuting attorney, and by H. Hurley, and the defendant in his own proper person, and H. Y. Thompson, his attorney; and after argument by counsel, and fully considering the said motion, it is ordered that the same be overruled; whereupon, on motion of Geo. W. Belt, prosecuting attorney, the court proceeds to pronounce and render judgment and sentence against the said Richard E. Marple, and the court asked the defendant, in the presence of his said attorney, what he had to say why the court should not now pronounce and render sentence and judgment against him in accordance with the verdict of the jury heretofore rendered against him in this cause, whereupon the said defendant made a statement to the court; and immediately thereafter, it appearing to the court that

the said Richard E. Marple had been duly indicted and con-
victed of the crime of murder in the first degree, for feloniously,
wilfully, purposely, and of deliberate and premeditated malice,
killing one D. I. Corker, it is therefore ordered and adjudged
by the court that the said Richard E. Marple is guilty of said
crime of murder in the first degree; and that it is further ordered
and adjudged by the court that the said Richard E. Marple be
taken from this place to the jail of this county of Yamhill, and
that he be there kept in close confinement until the twenty-ninth
day of June, 1887; and that on said twenty-ninth day of June,
between the hours of ten o'clock A. M. and two o'clock P. M. of
said day, he be taken from said jail to the place to be prepared
for the execution of this judgment in this county, and that he be
then and there hanged by the neck until he is dead.

"R. P. BOISE, Judge."

That thereupon the judge of said Circuit Court issued and
delivered to the sheriff of said Yamhill County, a warrant under
his hand and the seal of the said Circuit Court, and duly attested
by the clerk of said county, which said warrant stated the said
conviction and judgment, and appointed the second day of June,
A. D. 1887, as the day upon which the said judgment is to be
executed.

The defendant appeals from the judgment pronounced against
him, as above stated, and gives notice that he will rely upon the
following errors of law appearing of record upon the trial of said
cause: *First*, the indictment does not charge the defendant with
any crime; *second*, there was no verdict of the jury upon which
to base the said judgment and sentence; *third*, said judgment
and sentence was pronounced by the court without legal power
or authority; *fourth*, that the death-warrant does not conform to
the laws relating thereto, or to the judgment of the court in said
action against the defendant.

We have examined the alleged errors, and are of the opinion
that the three first ones are not well taken. The fourth one is
true as a statement of fact, as the part of the record above set
forth shows, though we do not think that it presents such an error
as will authorize the court to grant a new trial. We are of the

opinion, however, that the record should be corrected, before any attempt is made to enforce the judgment, so as to make it conform to law, and be consistent with itself. The judgment appealed from will therefore be modified so as to adjudge, in effect, that the said Richard E. Marple be detained and imprisoned until such day as shall be designated and named in the warrant of execution of the judgment, signed, attested, and delivered as provided by law, and the case be remanded to the said Circuit Court, with directions to enter such judgment and sentence as here indicated, and such warrant of execution be thereupon issued; that the warrant of execution of the said judgment now in the hands of the sheriff of said Yamhill County be set aside, and held for naught.