Argued 1 March, decided 14 March, 1904.

## STATE v. HOUGHTON.

75 Pac. 822.

LARCENY FROM THE PERSON—ASSAULT—LESSER OFFENSE.

1. Under an information charging an attempt at larceny from the person by assaulting and pocket picking a conviction of simple assault is permissible, under Section 1418 of B. & C. Comp.* Whether an assault is necessarily included in an attempt at larceny from the person is not decided.

PUNISHING LARCENY BY CONFINEMENT WITH HARD LABOR.

2. Under a statute prescribing a penalty of imprisonment in jail (such as Section 1772, B. & C. Comp.), a further condemnation to hard labor is illegal.

INFORMATION—SURPLUSAGE.

3. In construing a sentence of imprisonment accompanied by "hard labor," this additional penalty cannot be rejected as surplusage, as it is a definite qualification of the judgment pronounced, and its rejection will materially change the punishment.

POWER OF SUPREME COURT TO CORRECT CRIMINAL JUDGMENT.

4. A conviction being regular, a defendant is not entitled to a new trial because of a material error in punishment, but the case should be remanded to the lower court to impose a lawful sentence. The supreme court cannot correct the judgment, but it may direct the trial court to enter an authorized judgment.

From Multnomah: JOHN B. CLELAND, Judge.

Charles Houghton appeals from a judgment sentencing him for assault.                                                    REVERSED.

For appellant there was an oral argument by *Mr. Wilson T. Hume,* with a brief to this effect.

I. In this case the crime charged consisted of two elements, the criminal intent to steal from the person of another, accompanied by the overt act of placing his hand in the pocket of such other. Both these must be proved. The jury found a verdict of simple assault, which is a distinct crime not charged in the information. If the assault of which he was convicted was the thrusting of his hand into the pocket of the complaining witness, then the verdict should have been guilty as charged; but if it was some other act, then he was convicted of an act with which he was not charged: 3 Enc. Pl. & Pr. 98; *Graham* v. *People,* 181 Ill. 477 (47 L. R. A. 731, 55 N. E. 177).

II. In addition to the punishment prescribed by Section 1772, B. & C. Comp., the court added the element of "hard labor."

---

*Section 1418, B. & C. Comp., reads as follows:
"In all cases the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged," etc.

This part of the sentence is illegal and requires a reversal of the judgment: *Fitzgerald* v. *State,* 4 Wis. 395; *In re Johnson,* 46 Fed. 477; *Harman* v. *United States,* 50 Fed. 921; *Woodruff* v. *United States,* 58 Fed. 766; *In re Christian,* 82 Fed. 199; *Gardes* v. *United States,* 87 Fed. 172; *Ex parte Karstendick,* 93 U. S. 399; *Ex parte Wilson,* 114 U. S. 417; *In re Mills,* 135 U. S. 262; *State* v. *Ryden,* 36 La. Ann. 294; *State* v. *Hyland,* 36 La. Ann. 799; *People* v. *Keely,* 97 N. Y. 212; *Ex parte Cox,* 32 Pac. 197; *Ex parte Baldwin,* 60 Cal. 432; *Ex parte Bernent,* 62 Cal. 524; *Ex parte Kelly,* 65 Cal. 155.

III. Some federal courts have held that the judgment may be modified by striking out the words "at hard labor"; this court has no such power, it can only revise the decisions of circuit courts: Const. Or. Art. VII, § 6; *Boone* v. *McClane,* 2 Or. 331.

For the State there was an oral argument by *Mr. Arthur C. Spencer,* with a brief over the names of *Andrew M. Crawford,* Attorney General, *John Manning,* District Attorney, and *A. C. Spencer,* to this effect.

1. We agree with counsel that to accomplish the crime of attempted larceny from the person, two elements must be established by the State, viz, a felonious intent coupled with an overt act by means of which the plan of the thief could be carried to a successful conclusion. We contend in this case the overt act was the provoking and carrying on of a fistic encounter in the midst of which the thief, seeing his victim off his guard, by stealth attempts to take his victim's belongings. We confess that after a careful search and examination of text-books and digests we are unable to afford the court any cases analogous to the one here in question, but are confident that where the "assault" is charged in the information and no demurrer interposed on the ground of duplicity, the court will not disturb a verdict which finds that the assault was made as alleged, but that no larceny was, in fact, intended. The crime of which the appellant stands convicted is charged in the information, and hence the case comes within Section 1418, B. & C. Comp.

2. Tacking the words "at hard labor" to the sentence imposed was not reversible error, if it was error at all. The words

complained of did not vary the mode of punishment inflicted, it being at the worst only superfluous: B. & C. Comp. §§ 4864, 4865; *Brown* v. *State,* 74 Ala. 478; *Dodge* v. *State,* 24 N. J. Law, 455; *People ex rel.* v. *Baker,* 89 N. Y. 461; *Murrah* v. *State,* 51 Miss. 675; *Weaver* v. *Commonwealth,* 29 Pa. St. 445; *Ex parte Shaw,* 7 Ohio St. 81 (70 Am. Dec. 55); *Ex parte Mooney,* 26 W. Va. 36 (53 Am. Rep. 59); *Miller* v. *State,* 2 Kan. 174.

3. This court can correct the judgment complained of if it is deemed erroneous: *State* v. *Steele,* 50 Tenn. (2 Heisk.) 135; *Thomas* v. *State,* 31 Tex. Cr. Rep. 82; *Sledd* v. *Commonwealth,* 19 Gratt. 813.

MR. JUSTICE WOLVERTON delivered the opinion.

The defendant, having been charged with an attempt to commit the crime of larceny from the person, was convicted upon trial of simple assault, and sentenced to imprisonment in the county jail, "at hard labor," for a period of six months. He complains, first, of the conviction, and, second, of the sentence.

1. As to the first, he insists that the crime of simple assault is not necessarily included in a charge of an attempt to commit the crime of larceny from the person, and therefore that he was unlawfully convicted. It is difficult to conceive how larceny from the person could be accomplished without an assault. An attempt to commit larceny from the person might or might not be accompanied with an assault, but the difficulty of its inclusion with the larger offense is obviated here, as the information charges that the defendant assaulted the prosecuting witness, and thrust his hand in the witness's pocket with the intent to steal, take, and carry away from his person the money and chattels, if any such he should find. The crime as alleged could not have been committed without at the same time committing an assault upon the person, and hence the latter, being the lesser offense, was necessarily included in the former.

2. The second complaint is certainly not without merit. The defendant having been convicted of simple assault, he was punishable only by imprisonment in the county jail or by fine: B. & C. Comp. § 1772. In this case the court went further than the statute permits. It condemned the defendant to hard labor,

as well as imprisonment, thereby adding something of material moment to the penalty prescribed by the statute. This was error.

3. Nor can the words "at hard labor" be treated as mere surplusage. They have a distinct meaning, and qualify the judgment rendered. If they are stricken out, we have a different judgment from the one pronounced; and, if they stand as rendered, the judgment is unwarranted.

4. We cannot make the correction here, but we can remand the cause to the trial court for that purpose: *State* v. *Marple,* 15 Or. 205 (14 Pac. 521). The conviction being regular, the defendant is not entitled to a new trial, but he is entitled to a proper judgment upon the conviction had.

The judgment entered will therefore be reversed, and the cause remanded to the court below, with directions to pass such sentence as the law authorizes.                REVERSED.

Decided 19 December, 1904.