Wickham *v.* Hess.

———————◆———————

## WICKHAM *v.* HESS.

SUPREME COURT.—*Title of Cause.—Designation of Parties.*—The proper mode of entitling a cause in the Supreme Court is described, and the proper manner of designating the parties thereto is stated, in the opinion.

SAME.—*Notice to Co-Parties.*—Where some of several defendants appeal to the Supreme Court without serving notice of the appeal upon the other defendants, and filing proof thereof with the clerk of the Supreme Court, the appeal will be dismissed.

APPEAL from the Elkhart Circuit Court.

PETTIT, J.—This was a suit for a foreclosure of a mortgage by Elias Hess against Milton Mercer, Olive E. Mercer, Emma L. Wickham, William W. Wickham, The Mechanical and Manufacturing Company of Goshen, Indiana.

The decree of foreclosure was against all the defendants, and Emma L. Wickham alone prayed an appeal to this court. The transcript shows a very irregular state of the pleadings after the complaint, which was without fault, but the attempted assignment of errors is still worse. The appellee, Hess, is placed above, where the appellant should be, and all the defendants in the court below are placed below, where the appellee should be, with a "*v.*" between Hess and them. The assignment of errors then starts thus: "Come now the defendants William W. and Emma L. Wickham and say there is manifest error," etc.

The parties to an appeal to this court are appellant or appellants and appellee or appellees, and the appellant should be placed first, or above, showing that he is the complaining party, and the appellee should be placed below, or last, showing that he is the party complained of; and these designations of the parties should be used in the assignment of errors in this court, and not the terms plaintiff and defendant. This appeal was taken in term time, and bond given within the time allowed by the circuit court, but it cannot be maintained. 2 G. & H. 270, sec. 551, is as follows: "A part of several co-parties may appeal, but in such a case they must serve notice of the appeal upon all the other co-parties, and file the proof thereof with the clerk of the supreme court. Unless they appear, and decline to join, they shall be regarded as having joined, and shall be liable for their due proportion of the costs. If they decline to join, their names may be struck out, on motion, and they shall not take an

appeal afterward, nor shall they derive any benefit from the appeal, unless from the necessity of the case, except persons under legal disabilities."

No such notice has been given, or proof thereof filed with the clerk of this court. This question has been twice before this court, and in both cases it was held that the appeal should be dismissed. *Kain* v. *Gradon*, 6 Blackf. 138; *Kirby* v. *Holmes*, 6 Ind. 33.

The appeal is dismissed, at the costs of the appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellant.

*W. A. Woods* and *I. W. Irwin*, for appellee.