Filed June 23, 1893.

———————◆———————

No. 875.

COOPER ET AL. *v.* PETERSON.

APPEAL.—*Parties to.—Coparties Not Joining.—Notice, When Essential. —Dismissal of Appeal.*—Where only a part of the parties affected by a judgment appealed from join in an appeal, the other coparties not joining, whose rights would be affected by the judgment of the appellate tribunal, must be given the proper notice of appeal, else the appeal will be dismissed, except where such appeal is taken

and perfected in term time and such coparties not joining in appeal are made appellees in the assignment of errors.

From the Marion Superior Court.

*J. F. Harney* and *D. C. Stover*, for appellants.
*L. J. Coppage*, for appellee.

Ross, J.—The appellee brought this action, in the Marion Superior Court, against ''The Masonic Mutual Benefit Society of Indiana,'' Homer Bowers, administrator of the estate of Joseph Cooper, deceased, and the appellants George Cooper, Elizabeth Wren and Jessie Irene Wren, to recover the benefits accrued under a certificate of membership issued November 27, 1882, by said Masonic Mutual Benefit Society, to one Joseph Cooper, in favor of his legal heirs, which certificate the appellee alleged, in her complaint, she became and was the owner of, at the death of said Joseph Cooper, and that she was entitled to all the benefits thereunder. She further alleged that the appellants, and said Bowers, as administrator, asserted title to the fund to be derived from said certificate, which claims, she alleged, were unfounded; and asked that the court decree that they have no interest in said fund, and that said society pay said fund over to her.

The complaint was in three paragraphs.

The appellants, Elizabeth Wren and Jessie Irene Wren, being minors, a guardian *ad litem* was appointed to defend their interests, and, in their behalf, such guardian filed an answer of general denial.

The appellant George Cooper filed a demurrer to each paragraph of the complaint, which was overruled, and he, jointly with his coappellants, thereupon filed an answer of general denial and a cross-complaint in two paragraphs.

The defendant Bowers, administrator, filed an answer to

the complaint, and also a cross-complaint against his co-defendants and the plaintiff.

Issues were formed on the cross-complaints, the defendant The Masonic Mutual Benefit Society filing an interpleader to the complaint and the several cross-complaints, admitting the execution of the certificate sued on and its liability thereunder, but alleging its inability to determine to whom the same should be paid, and thereupon brought the amount due on said certificate into court, and under the order of the court turned the same over to the clerk of the court, and was thereupon discharged from further defending in said action or from further liability on said certificate.

The cause was tried by the court, and a special finding of the facts made, with conclusions of law thereon, the court, on the facts found, concluding in favor of the plaintiff on her complaint against all of the defendants, and against the defendants upon their cross-complaints, and entered judgment accordingly, directing the clerk, after the payment of the costs of said action, to pay the balance of said fund over to the plaintiff.

From this judgment, an appeal was taken by the defendants George Cooper, Elizabeth Wren, and Jessie Irene Wren, to the general term, where the judgment rendered at special term was in all things affirmed, from which judgment of affirmance this appeal is prosecuted.

The defendant Homer Bowers, administrator of the estate of Joseph Cooper, did not join in the appeal to the general term, and was in no way a party thereto, and is not a party to this appeal.

The appellee now insists that no questions for review are presented, for the reason that the proper parties have not been joined in this appeal.

Section 635, R. S. 1881, provides that a part of several coparties may appeal; but in such case they must

serve notice of the appeal upon all the other coparties, and file the proof thereof with the clerk of this court. This statute is mandatory, and the numerous cases decided are explicit that an appeal by a part of several coparties, without giving notice thereof to the coparties not joining in the appeal, will be dismissed by this court. *Knarr* v. *Conway*, 37 Ind. 257; *Wickham* v. *Hess*, 38 Ind. 183; *Harlan* v. *Watson*, 39 Ind. 393; *Reeder* v. *Maranda*, 55 Ind. 239; *Herzogg* v. *Chambers*, 61 Ind. 333; *Cranmore* v. *Bodine*, 65 Ind. 25; *Couch* v. *Thomas*, 71 Ind. 286; *Holloran* v. *Midland R. W. Co.*, 129 Ind. 274; *Brown* v. *Trexler*, 132 Ind. 106.

The necessity for all parties to the judgment being in the Appellate Court on appeal is apparent from the fact that but one appeal can be taken from a joint judgment, and no judgment can be rendered on such appeal binding upon others than those who are before the court. *Hunderlock* v. *Dundee Mortgage, etc., Co.*, 88 Ind. 139.

The Legislature may limit the time in which an appeal may be perfected, and designate the notice to be given to coparties not joining in the appeal, and the right to appeal is thereby limited, and the right of such coparties to notice settled. Unless an appeal is perfected by the filing of the transcript with the assignment of errors, within the time designated by the statute, there is no cause in this court for review. *Smythe* v. *Boswell*, 117 Ind. 365, and cases cited.

Until all the necessary parties have, in some manner, been brought before the Appellate Court, the appeal is not perfected, and the court has no jurisdiction. *Hunderlock* v. *Dundee Mortgage, etc., Co., supra; State, ex rel.*, v. *East*, 88 Ind. 602; *Shulties, Admr.*, v. *Keiser*, 95 Ind. 159; Elliott's App. Proced., section 144.

The statute relative to appeals, in referring to "coparties," means only parties to the judgment, and not

merely parties to the action.  *Hogan* v. *Robinson*, 94
Ind. 138.

Judge ELLIOTT, in his work on appellate procedure,
section 140, says:   "While it is safe to affirm that all
persons included in a joint judgment must be parties to
the appeal, it is not safe to say that only such persons
must be parties to the appeal, for there may be cases
where the decree or judgment is not strictly a joint one
in which all the parties are so affected by it as to be nec-
essary parties to the case on appeal.   Thus, a decree in
partition may affect all so materially as to require that
they should be brought before the appellate tribunal.
So, where a fund is in court for distribution the claim-
ants of the fund may, in some instances, be affected by
a judgment awarding part of it to some one of their
number, and if so, all affected should be parties, for their
rights can not be justly adjudicated without their pres-
ence as parties.   A further illustration is supplied by
the case wherein it was held that where a judgment af-
fected one of several legatees all must be made parties.
The authorities referred to warrant the conclusion that
those whose rights are involved are necessary parties al-
though their rights may be severed in their nature.
Whether the persons who were parties below shall be
made parties on appeal depends, it is safe to say, upon
the effect that the judgment of the appellate tribunal may
have upon their rights; if it will affect their rights ma-
terially they should be made parties and notified.   But
because they were in the court below as parties to the
record is not always decisive of the question whether
they should be made parties on appeal."

By the adjudicated cases, it is settled that parties to the
record, who are not parties to the judgment appealed
from, have no interest in the judgment, and are not
proper parties to an appeal.  *Logan* v. *Logan*, 77 Ind.

558; *Berghoff* v. *McDonald*, 87 Ind. 549; *Koons, Admr.*, v. *Mellett*, 121 Ind. 585, and cases cited; *Alexander* v. *Gill*, 130 Ind. 485.

What we have said relative to notice to coparties is applicable in cases where the appeal is not taken and perfected in term, but when an appeal is taken in term by a part of the parties to the judgment, and such appeal is perfected as provided by statute for appeals in term time, coparties not joining in the appeal need not be notified of such appeal, if made appellees in the assignment of errors.    *Holloran* v. *Midland R. W. Co.*, *supra.*

The record before us discloses that from the judgment of affirmance by the court in general term an appeal was prayed for and granted on the filing of an appeal bond within thirty days from June 1, 1891, and it also shows that no appeal bond was filed; the appellants, by their neglect to file such bond, waived the right to a term-time appeal.

The finding and judgment of the court in special term was against Homer Bowers, administrator, George Cooper, Elizabeth Wren, and Jessie Irene Wren, and in favor of the appellee. The appeal to the general term was taken by the appellants now prosecuting this appeal, said Homer Bowers, administrator, not being a party thereto. He is not made a party to this appeal, neither has he received the notice which the statute directs shall be given coparties not joining in the appeal.   Said Bowers, as administrator, claimed the right to the fund in controversy, and any judgment rendered by this court, as to the ownership thereof, would not be binding on him.   For the failure to give the notice required by the statute, to coparties not joining in the appeal, this appeal will have to be dismissed.

The appeal is dismissed, at the costs of the appellants.

Filed Sept. 19, 1893.