[No. 1391.  Decided December 26, 1894.]

JOSEPH ESSENCY, *Respondent, v.* JAMES ESSENCY, *Defendant,* JEROME CATLIN ET AL., *Appellants.*

PARTIES ON APPEAL—NOTICE—FARM LABORER'S LIEN—ENFORCE-
    MENT—EVIDENCE—LIEN FOR TEAM WORK.

Failure to serve notice of appeal upon a defendant who does not appear in the action is not ground for dismissal of the appeal.

In an action to enforce a laborer's lien upon certain farm products, evidence is competent which tends to show that plaintiff was in fact interested in the contract made by the owners of the products with another for the raising of the crops, and that the cost of production of such crops had been fully paid under the contract.

*Semble,* that Laws 1891, ch. 75, giving farm laborers liens upon crops is constitutional.

*Semble,* that under the statute providing a lien for farm laborers no lien can be obtained for work performed by a team, but might be maintained for the labor of a person and a team, where there is no separate specification of contract price for person and team.

*Appeal from Superior Court, King County.*

*Allen & Powell,* for appellants.

*Ronald & Piles,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to secure the foreclosure of a lien upon certain farm products, the ownership of which was alleged to have been in the defendant James Essency, for whom it was alleged the work for which the lien was claimed had been done. The other defendants were alleged to have some interest in the property, the extent of which was unknown to the plaintiff. The defendant James Essency never appeared in the action, and judgment was taken against him by default. The defendants Catlin filed an answer putting in issue most of the allegations of the complaint, and setting out certain affirmative defenses. The trial resulted in a finding for plaintiff and a decree for the

foreclosure of his lien upon the property for the amount found due. From this decree the defendants Catlin have prosecuted this appeal. They served notice of appeal upon the plaintiff, but made no service upon the defendant James Essency, and because of the failure to serve him respondent moves a dismissal of the appeal. In our opinion it was not necessary to serve him, he not having appeared in the action, and the motion to dismiss must be denied.

Many reasons are set out in the brief of the appellants why the decree should be reversed. The one most relied upon is the action of the court in sustaining the objection of the plaintiff to certain evidence offered by the appellants. It was claimed by the appellants that the plaintiff and the defendant James Essency were mutually interested in the contract, for the raising of the crops upon which the lien was sought to be enforced, which had been entered into by James Essency on the one part and the defendants Catlin on the other. And to establish this claim they sought to prove certain admissions of the plaintiff for the purpose of showing that he was a partner with his brother in the conduct of the farm at the time the crops in question were raised.

The court, upon the objection of respondent, refused to allow these admissions to be shown. This was error. The respondent in his brief does not contend that these admissions were incompetent, if they tended to establish the fact for which they were sought to be introduced, but he claims that they did not. He further claims, that since such testimony was sought to be elicited on the re-examination of a witness, its admission was within the discretion of the court, and that the form of the question was objectionable. The exclusion of the testimony might be sustained upon these grounds did it not appear from the record that the ruling of the court was not based thereon. If the court had intended to exclude the testimony upon these technical objections it should have so stated, in order that the appellants might, if possible, have avoided them. But this he did not do, and the appellants were justified from what was said between

court and counsel in assuming that the exclusion of the testimony was because, in the opinion of the court, it was incompetent.

For these reasons the action of the court can not be sustained, if the testimony was in fact competent. No reason has been suggested by counsel why it was not. In fact, respondent practically concedes its competency, and we are unable to see anything which would have justified any other course on his part. If the plaintiff was a partner with his brother in the contract under which the produce was raised, then the undisputed proofs showed that he had been fully paid for his labor. Hence the question as to whether or not he was such partner was material to the issues, and the admissions offered were of such a nature that the appellants were entitled to put them in evidence as tending to establish the partnership.

For this error the decree will have to be reversed and a new trial awarded. And for the purposes of such new trial it will be necessary for us to state our conclusions as to some of the other questions presented by the briefs. One of these is as to the constitutionality of the law authorizing liens of this nature ; another is as to the effect of certain subsequent legislation thereon. We shall only say in regard to these questions that we are not satisfied that the action of the superior court in relation thereto was erroneous, and for the purposes of this case shall hold that such law is constitutional and in force. But, in view of the fact that there was no oral argument in the case at bar, and that the principal reliance was upon other grounds than those which went to the validity of this statute, we shall leave these questions open for further consideration in any other case in which they may be raised.

One other question which will be material on the re-trial is as to whether or not a lien could be maintained for the labor of the team of the respondent. The statute providing for such lien applies only to the labor of the person, and thereunder no lien will lie for work performed by the team. It is probable that where the contract is for the labor of a

person and a team, for a certain rate, with no specification as to how much of it is for the team and how much for the person, a lien could be maintained for the contract price for the labor of the person and the team.     But, under other circumstances the law does not authorize a lien for the labor of the team.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.