No. 1,322.

CLEAR CREEK TOWNSHIP v. RITTGER.

APPEAL.—*Necessary Parties.*—*Dismissal.*—Whenever the judgment of the appellate tribunal would affect all the parties to the judgment appealed from, they must all be parties to the appeal, and a submission of the cause by agreement or by joinder in error will not waive the necessity for all parties being before the court. But where the judgment on appeal would not affect a party he need not be made a party on appeal.

PLEADING.—*Complaint for Damages to Land for Gravel Taken by Road Supervisor.*—Where a road supervisor has taken gravel for the repair of a highway, and the damages to the land-owner have been fixed, the land-owner need allege and prove nothing more than that such damages have not been paid.

ASSIGNMENT OF ERROR.—*When too Indefinite.*—An assignment of error that "The court erred in sustaining appellee's demurrer to the reply to the first paragraph of appellant's answer as to the answer to which it was carried back," is not sufficiently definite.

From the Huntington Circuit Court.

*H. B. Sayler, S. M. Sayler, J. M. Sayler* and *R. A. Kaufman,* for appellant.

*B. M. Cobb* and *C. W. Watkins,* for appellee.

Ross, C. J.—The appellee brought this action against the appellant to recover the sum of sixty dollars, which he alleged had been assessed in his favor under section 6830, R. S. 1894 (section 1558, E. S.), for gravel needed by the supervisor and to be used in the repair of the highways of said township.

Pending the formation of the issues on the complaint, one Aseal Brookover was, at his own request, made a party defendant.

The appellee now insists that the appeal be dismissed for the reason that said Aseal Brookover is not a party to this appeal. The judgment appealed from was in favor of appellee and against the appellant for the sum

of sixty-five dollars, and, also, against appellant and Brookover for costs.

It is a well settled rule in this State that all the parties affected by the judgment appealed from must be made parties to the appeal, otherwise the appeal will be dismissed. *Cooper* v. *Peterson,* 7 Ind. App. 411, and cases cited; *Bozeman* v. *Cale,* 139 Ind. 187.

In the case of *Gourley* v. *Embree,* 137 Ind. 82, the Supreme Court, in speaking of what it is necessary for appellant to do, says: "The assignment of errors constitutes the appellant's complaint in the Supreme Court, and by it he must bring the proper parties before the court, and properly set forth the causes upon which he relies for relief. A failure to do any of these things is fatal to his standing in court. He can not have a lawsuit by himself, nor can he select from the parties to the final judgment such as he chooses to name, and omit the others. He must name all who are affected by the judgment appealed from. If he has not done so, the assignment of error will be held unavailing whenever the defect is brought to the notice of the court. Elliott App. Proced., section 401 [R. S. 1894, section 2541]; *Branden* v. *Leibenguth,* 126 Ind. 336."

In a number of cases it has been held that a motion to dismiss for defect of parties, when not made until after the cause had been submitted to the appellate tribunal by agreement, or the appellee had made a joinder in error, it came too late and would be overruled. *First National Bank, etc.,* v. *Essex,* 84 Ind. 144; *Burk* v. *Simonson,* 104 Ind. 173.

In the case of *Cooper* v. *Peterson, supra,* this court said: "Until all the necessary parties have in some manner been brought before the appellate court, the appeal is not perfected and the court has no jurisdiction."

Hence, we add: Whenever the judgment of the appel-

late tribunal would affect all parties to the judgment appealed from, they must all be parties to the appeal, and a submission of the cause by agreement or by joinder in error will not waive the necessity for all parties being before the court. *Garside, Exr.,* v. *Wolf,* 135 Ind. 42.

In this case an affirmance or reversal of the judgment rendered in favor of appellee against appellant would not affect the party Brookover, for the judgment against him was on his cross-complaint that he take nothing thereby and that appellee recover costs against him thereon.

The first and second specifications of error in the assignment of errors calls in question the sufficiency of the facts alleged to constitute a cause of action.

The material objection urged to the complaint is that it fails to allege that there was a necessity for the taking by the trustee of appellee's property.

Admitting, as counsel contend, that a supervisor has no right to enter upon and condemn land, or to take timber or gravel therefrom, except there be a necessity therefor, we see no reason why the party whose property has been taken, when he brings an action to recover the damages assessed him for the property taken, should be compelled to show the necessity for the taking. The necessity for the taking may have been a question proper to be considered had appellee resisted the taking, but the law does not impose upon him, after his property has been taken and damages assessed him therefor, in order to recover such damages, to show that there was a necessity for the taking. When his property has been taken, and his damages have been assessed, he is entitled to have them paid, and if not paid, he can sue and recover them.

The property having been taken and the damages

fixed, he need allege and prove nothing more except that such damages have not been paid.

The only other specification of error argued by counsel is the fifth, namely: "The court erred in sustaining appellee's demurrer to the reply to the first paragraph of appellant's answer as to the answer to which it was carried back."

This specification of error is not sufficiently definite. Elliott App. Proced., sections 299–309, and cases cited.

The record discloses that appellee's demurrer to the original or first paragraph of answer was sustained. Upon that ruling appellant founds the third specification of error assigned. This specification is not argued, hence is waived.

Subsequent to the ruling on the demurrer to this paragraph of the answer, the appellant obtained leave to and filed an additional paragraph of answer. This paragraph, therefore, was the second paragraph of appellant's answer, as to which no rulings are questioned by the assignment of errors.

We fail to find any error for which the judgment of the court below should be reversed.

Judgment affirmed.

DAVIS, J., and GAVIN, J., absent.

Filed March 13, 1895.