## BELLEVILLE PUMP AND SKEIN WORKS, Respondent, *v.* ALMA SAMUELSON and GEORGE M. CANNON, Appellants.

APPEAL — MOTION TO DISMISS CO-DEFENDANTS — APPEARANCE — WAIVER OF.

Where appellants serve notice of an appeal on a plaintiff in whose favor a judgment has been entered, but not on their co-defendants, a motion to dismiss the appeal will not be granted when it appears that, after the motion was filed, and before the case was called, all the 'co-defendants, in writing, notice thereof being served on the respondent, entered their voluntary appearance, and submitted to the jurisdiction of the appellate court, and waived service of the notice of appeal.

( No. 841.    Decided Nov. 6, 1897.)

Appeal from the Third district court, Salt Lake county. A. N. Cherry, *Judge.*

Action by the Belleville Pump & Skein Works, a corporation, against Alma Samuelson, George M. Cannon, and others. From a judgment in favor of plaintiff, defendants Samuelson and Cannon appealed, and plaintiff moves to dismiss the appeal. *Motion denied.*

*Barlow Ferguson,* for appellants.

*Lee, Booth & Gray,* for respondent.

BARTCH, J.:

In this case a motion has been made to dismiss the appeal on the ground that all the adverse parties have not been served with notice, as required by section 3636, Comp. Laws Utah 1888. It appears there were a number

of defendants in the case, only two of whom—Samuelson and Cannon—appealed. The appellants served notice of appeal on the plaintiff in whose favor judgment had been entered, but not on their co-defendants. Afterwards the respondent filed a motion in this court to dismiss the appeal, and thereupon, and before the case was called, all the co-defendants, in writing, notice thereof being served on the respondent, entered their voluntary appearance, and submitted to the jurisdiction of this court in this cause, and waived service of notice of appeal. This raises the question whether such appearance, submission, and waiver, with notice of the same, are effectual to confer jurisdiction on appeal. It is insisted for the respondent that, as the notice of appeal has not been served on all the co-defendants, this court is without jurisdiction, even though the respondent was properly served with notice, and all such defendants have put in an appearance, and consent to jurisdiction. The purpose of the notice of appeal is to bring every party to the action, whose interests would be injuriously affected by a reversal or modification of the judgment, under the jurisdiction of the appellate court. This is upon the principle that no person can be deprived of his interests or rights in any judicial proceeding in his absence, or without first having had his "day in court," and having been afforded an opportunity to be heard. The same purpose, it would seem, is subserved when those who are interested in opposing the relief which the appellant seeks enter their appearance in the appellate court, and waive notice of appeal. In order that the adverse party may be bound by the judgment of the appellate court, it is necessary that he be brought before it; but whether this be accomplished by a hostile notice from the appellant, or by voluntary appearance and waiver of notice, is immaterial. In either case the

court has jurisdiction, and all the parties are bound by its judgment. Where the respondent is properly before the court, and insists that a co-defendant has interests which will be injuriously affected by a reversal or modification of the judgment, he has no right to complain of the manner in which jurisdiction of such co-defendant is obtained. *Society* v. *Lewis*, 111 Cal. 519.

The respondent in this case having been properly served with notice of the appeal, and all the co-defendants having entered an appearance, consented to jurisdiction, and waived notice, we are of the opinion that the appeal is effectual to confer jurisdiction upon this court. The cases of *Commercial Nat. Bank* v. *United States Savings, Loan & Building Co.*, 13 Utah 189, and *Rache* v. *Stanley*, 15 Utah 314, are not in point, because in neither of them was there any appearance and consent to jurisdiction on the part of the adverse parties. The motion to dismiss is denied.

ZANE, C. J., and MINER, J., concur.