### ALLEN v. GARNER et al.

No. 2605.    Decided August 8, 1914 (143 Pac. 228).

1. APPEAL AND ERROR—PARTIES—OMISSION OF NECESSARY PARTY—DEFECT. Where judgment was rendered against several defendants as joint makers of a note sued on, one of such joint makers, though a non-resident, was a necessary party to an appeal by the other defendants, and, no notice having been served on him during the time within which an appeal could be taken, the Supreme Court had no jurisdiction of the appeal, nor could jurisdiction be conferred by the omitted party's waiver of notice of appeal and prayer for leave to enter an appearance in the case after such time had expired.[1] (Page 41.)

On Application for Rehearing.

2. JUDGMENT—PERSONAL JUDGMENT—VALIDITY. Where one of the joint makers of a note, who was a non-resident, had pledged certain stock to secure payment of the note, a judgment against all the makers, based on service by publication on the non-resident, directing that the pledged securities be sold and that the proceeds be applied on the judgment, was not rendered invalid by reason of the fact that it was also personal in form against such non-resident defendant.   (Page 44.)

---

[1] *Griffin* v. *Southern Pacific Co.*, 31 Utah 296; 87 Pac. 1091.

3. CONTRIBUTION—COMAKERS OF NOTE. Where persons are adjudged comakers of a note sued on, they are entitled to contribution among themselves. (Page 45.)

4. EXCEPTIONS, BILL OF—PRESENTATION—SETTLEMENT—TIME—EXTENSION—JURISDICTION. Where the time fixed for the settlement of a bill of exceptions as extended has once expired, the trial court loses jurisdiction and can no longer grant a further extension of time or settle and allow the bill, except in proceedings for leave to serve a bill of exceptions out of time.[2] (Page 47.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by Henry H. Allen against W. F. Garner and others.

Judgment for plaintiff. Defendants O. D. Merrill and others appeal.

DISMISSED.

*Richards, Hart & Van Dam* and *Nebeker, Thatcher & Bowen* for appellants.

*J. B. Stewart, Leon Fonnerbeck* and *Stewart, Stewart & Alexander* for respondent.

FRICK, J.

This action was commenced by the respondent, Henry H. Allen, to recover upon a promissory note for $2,000, of which W. F. Garner and the appellants, O. D., T. H., and Alma Merrill, were makers. A default was entered against the defendant Garner in August, 1911, upon which judgment was finally entered against him for said sum of $2,000 and accrued interest on the 28th day of August, 1913. The appellants, O. D., T. H., and Alma Merrill, filed an answer,

---

[2] *Butter* v. *Lamson,* 29 Utah 439; 82 Pac. 473; *Bryant* v. *Kunkel,* 32 Utah 377; 90 Pac. 1079; *Insurance Agency* v. *Investment Co.,* 35 Utah 542; 101 Pac. 199; *Metz* v. *Jackson,* 43 Utah 496; 136 Pac. 784.

denying liability upon the note. A trial resulted in a judgment in favor of Allen and against the Merrills, as well as against Garner, the judgment against the Merrills being entered, however, on the 28th day of February, 1913. The Merrills filed a motion for a new trial, which was overruled on the 8th day of July, 1913, and they alone appeal from the judgment. Notice of appeal was served upon Allen on the 31st day of December, 1913, or a few days before the six months within which an appeal could be taken under our statute (Comp. Laws 1907, Section 3301) had expired. W. F. Garner, although a joint maker of the note in suit and a party to the action, was nevertheless not made a party to this appeal, and was not served with notice thereof. Respondent, Allen, has interposed a motion to dismiss the appeal upon the ground that this court is without jurisdiction to hear it, for the reason that W. F. Garner, a party to the action, is not made a party to the appeal.

We need not pause here to again discuss the question of whether W. F. Garner, who was a joint maker of the note upon which judgment was rendered, is a necessary party to this appeal for the reason that he is so is settled by this court in the case of *Griffin* v. *Southern Pac. Co.*, 31 Utah 296; 87 Pac. 1091, and cases there cited. In that case the prior cases in this court upon the question, together with the cases from other jurisdictions where similar statutes are in force, are collated by the present Chief Justice. In view, therefore, that a necessary party was omitted from the appeal and no notice was served upon him, the question is, Is this court without jurisdiction to hear and determine the appeal? Counsel for appellants insist that the rule laid down in *Griffin* v. *Southern Pac. Co.*, *supra*, does not apply here because they, on the hearing of this case, to-wit: on the 29th day of May, 1914, produced a waiver of notice of appeal by Mr. Garner, in which waiver he also asks leave to enter an appearance in the case. Respondent's counsel objected to the filing of the waiver of notice of appeal and the entry of appearance by Mr. Garner, and the question arises, What effect, if any, can be given to the waiver of notice and offer of appearance by Mr. Garner?

It will be observed that no waiver of notice of appeal was
filed and no application to enter appearance by Mr. Garner
was made until many months after the time for appeal had
expired.    Counsel for appellants, however, insist that the
case of *Belleville, etc., Works* v. *Sanderson,* 16 Utah 119; 51
Pac. 150, is decisive of the question in their favor.    It is
true that in that case a motion to dismiss the appeal was in-
terposed upon the same ground that one is interposed here,
and this court permitted counsel to have the appearance of
the omitted party entered in the case, and then proceeded
to hear and dispose of the appeal.    While the opinion in
that case does not disclose the dates upon which the several
orders were made, reference to the printed record filed in
the case, however, does show that in that case the judgment
appealed from was entered on the 18th day of May, 1897;
that the notice of appeal was served and filed on the same
day, and that the printed abstract was filed in this court on
the 16th day of August, 1897.    The opinion in the case was
filed November 6, 1897.    It is apparent, therefore, that when
the waiver of notice of appeal in *Belleville, etc.,* v. *Sander-
son, supra,* was filed and the appearance of the omitted party
was entered in this court in that case, the time for an appeal
had not yet expired and hence a valid notice of appeal could
still have been served and filed.    It would thus have been
a useless ceremony to require the service of a notice of appeal
within the time within which a voluntary appearance was
permissible.    The question that confronts us here, however,
is, Can parties confer jurisdiction upon this court to hear
appeals by waiving notice of appeal or by entering their
appearance at any time after the time for an appeal has
expired?    If the question is one merely of regularity or
jurisdiction over the person, then, of course, we might permit
an omitted party to enter his appearance at any time before
the case is finally submitted, but if it is jurisdictional in the
sense that it affects the power of this court to hear and
determine the appeal, then, as a matter of course, the parties
cannot confer jurisdiction by consent.    We think the ques-
tion is jurisdictional in the sense just stated.    If it should be
held otherwise, the statute which requires that an appeal to

this court be taken within six months, and that the time to do so may not be extended by this or any other court, would be effectually repealed. In referring to the question now under consideration the Supreme Court of California, in *Williams* v. *Santa Clara Min. Co.*, 66 Cal. 194; 5 Pac. 85, uses this pertinent language:

"This court has not jurisdiction to hear an appeal from a judgment, unless the appellant shall have served a notice of appeal on all the adverse parties; that is to say, upon all whose rights may be affected by a reversal of the judgment."

Again, in the case of *Millikin* v. *Houghton*, 75 Cal. 541; 17 Pac. 641, it is said:

"It may be said the objection cannot come from the moving respondents here, as they can suffer no injury by appellant's failure to notify the other defendants. The answer is the objection goes to the jurisdiction of the court to hear and determine the appeal, and the right to make the objection by any respondent before the court has been often recognized."

This seems to be the trend of all the authorities which emanate from jurisdictions where there is a positive and inflexible time limit within which notice of appeal must be served or a waiver of such notice be filed. We cannot legally hear nor determine an appeal unless it is taken within the time fixed by the statute. If we may not do that where none of the parties to the appeal are timely served with notice of appeal or have waived the notice and service thereof within the time limit, we may not do so if only one or more of the necessary parties to the appeal have not been served or have waived notice of appeal and service thereof within the time within which an appeal may be taken. Counsel for appellants, however, contend that Mr. Garner is a non-resident of this state and therefore the rule respecting notice and service thereof should not apply as to him. It, of course, requires no argument to show that while non-residents may affect the kind of notice and manner of service, yet it cannot dispense with the necessity of giving notice. If authority be required for this elementary proposition it is to be found in the case of *Lapham* v. *Bailey*, 61 Kan. 861; 60 Pac. 743.

We are therefore forced to the conclusion that the motion to dismiss the appeal for the reasons stated should prevail.

The appeal is therefore dismissed at appellants' costs.

McCARTY, C. J., and STRAUP, J., concur.

ON APPLICATION FOR REHEARING.

FRICK, J.

Counsel for appellants have filed a petition for a rehearing in which they contend that we have erred in sustaining the motion to dismiss the appeal. One ground especially urged is that we erred in holding that W. F. Garner, who was a defendant in the court below, was a necessary party to the appeal. It, among other things, is now urged: (1) That Mr. Garner was not properly served with summons and was not brought into the case in the District Court, and hence that the judgment entered against him is void; and (2) that he is not interested in the judgment appealed from, and hence is not a necessary party nor even a proper party to the appeal. The question that the judgment against Mr. Garner was improperly rendered is raised for the first time on rehearing, but, in view of its jurisdictional nature, we have nevertheless carefully examined into the record of the proceedings had in the court below so far as we may do that in the absence of a bill of exceptions. The record discloses that Mr. Garner was properly served with summons by publication based upon a sufficient affidavit, and that the court clearly had jurisdiction to enter a judgment that he was a joint maker of the note in suit, that he was indebted for the sum stated in the judgment, and that the stock he had pledged to secure the payment of said note should be sold and the proceeds derived therefrom be applied on such judgment. The fact that the judgment is also personal in form in no way affects the validity of that portion to which we have referred. Giving appellants, therefore, the benefit of now raising the question without even an assignment to the effect that the judgment against Mr. Garner is void for the reasons stated, yet their objections, in our judgment, are not well founded, and have no merit in either fact or law. That contention must therefore fail.

Proceeding now to a consideration of the second proposition, we are also of the opinion that it cannot prevail in this case for the reasons following. It is manifest that, inasmuch as the defendant Garner and the appellants were adjudged comakers of the note in suit, they are entitled to contribution among themselves. 3 Randolph on Commercial Paper, Section 1426. If, therefore, the judgment against the **3** Merrills, who are co-obligors with Garner upon the note, is reversed, Mr. Garner may alone by held liable for the amount of the note sued on. The fact that there was a separate default judgment entered against Mr. Garner and another judgment after a trial was entered against the Merrills on the note in no way affects the liability of all the makers or their rights among themselves. Mr. Garner was therefore as much concerned and interested in maintaining the judgment against the Merrills as was the respondent Allen. The difference was one of degree only. The rule that we followed in the opinion, namely, that all parties to an action who may be interested in maintaining or reversing the judgment appealed from are necessary parties to the appeal must therefore prevail. That rule is conceded to be the test in all the cases cited by counsel in support of their petition for a rehearing with possibly one exception, to which we shall refer hereafter. In support of the claim that Mr. Garner was not a necessary party to the appeal counsel have cited the following cases: *Snohomish County* v. *Ruff*, 15 Wash. 637; 47 Pac. 35; *Home S. & L. Ass'n* v. *Burton*, 20 Wash. 688; 56 Pac. 940; *Clarke* v. *Mohr*, 125 Cal. 540; 58 Pac. 176; *Peck* v. *Agnew*, 126 Cal. 607; 59 Pac. 125; *Merced Bank* v. *Rosenthal*, 99 Cal. 39; 31 Pac. 849; reaffirmed in 33 Pac. 732; *Searcy* v. *Tillman*, 75 Ga. 504; *Essency* v. *Essency*, 10 Wash. 375; 38 Pac. 1130. In the first case cited the appeal was from an order sustaining a certain motion made by some of the defendants in the action to strike from the complaint certain allegations applying to them.. In Washington such an order is appealable and the plaintiff appealing made only those defendants parties to the appeal who joined in the motion to strike. The court held that, inasmuch as the other defendants were not affected by the matter

stricken from the complaint, they were not necessary parties
to the appeal. In *Home S. & L. Ass'n* v. *Burton, supra,* it
does not appear from the opinion whether the omitted parties
had any interest whatever either in maintaining or in re-
versing the judgment. That case, therefore, is without influ-
ence here. In the next five cases cited it affirmatively ap-
pears that no service of summons was ever made on the par-
ties in question and no judgment, therefore, in their favor or
against them was or could have been entered, and therefore it
was held they were not necessary parties to the appeals in those
cases. The case of *Essency* v. *Essency, supra,* in our judg-
ment goes to the extent of holding that although a party may
be interested in having the judgment appealed from main-
tained, yet he is not a necessary party to the appeal. In
that case the plaintiff began an action against three defend-
ants to foreclose a lien on farm products. The principal de-
fendant, who was the owner of the property affected by the
action, made default, and judgment was entered against him,
ordering the foreclosure of the lien and a sale of the prop-
erty. The other two defendants were made parties to the
action in the court below, for the reason that they claimed
some interest in the property upon which the plaintiff
claimed a lien as aforesaid. The court found against the
two defendants and entered judgment accordingly. They
appealed, but failed to make the defaulting codefendant a
party to the appeal. The plaintiff moved to dismiss the ap-
peal for that reason, and the court held that the defaulting
codefendant was not a necessary party to the appeal. In
our judgment that case is not well decided. We think the
defaulting defendant was interested in having the judgment
maintained, and hence had an interest in the subject-matter
of the appeal. That case, however, is contrary to the gen-
eral rule, and is also contrary to the doctrine to which we
are committed. Counsel have also cited the following cases
as being contrary to the doctrine followed in the original
opinion, namely, *Basket* v. *Hassell,* 107 U. S. 602; 2 Sup.
Ct. 415; 27 L. Ed. 500; *McGaughey Bros.* v. *Latham,* 63 Ga.
67; *Nelson, Adm'r,* v. *Stewart,* 63 Ind. 294; *Payne* v. *Rau-
binek,* 82 Iowa 587; 48 N. W. 995; *Guaranty Trust, etc., Co.*

v. *Buddington*, 23 Fla. 514; 2 South. 885; *Kuhl* v. *Pierce*, 44
Neb. 584; 62 N. W. 1066; *Clearcreek Tp.* v. *Rittger*, 12 Ind.
App. 355; 39 N. E. 1052. The doctrine upon which all of
the cases last cited rest is stated by the Supreme Court of
the United States in *Basket* v *Hassell, supra*, thus:

> "An appeal will not be dismissed by reason of the omission of
> certain persons who were parties to the suit in the court below, if
> they have no interest in maintaining or reversing the decree."

This is precisely the doctrine adopted by this court, and
which is adhered to in the opinion filed in this case. We
need not pursue the subject further, since it is manifest from
the cases cited by counsel that they have no application to the
case at bar, and, further, that the opinion already filed is
sound both upon reason and principle. It is but just to
counsel to state that they, in citing the foregoing cases, as-
sumed that the whole of the judgment against Mr. Garner
was void, and that he had no concern whatever whether it
was affirmed or reversed. In that assumption, as we have
seen, counsel are in error.

There is, however, still another reason why we cannot pro-
ceed to a consideration of the merits. In order to review the
assignments of error relied on by appellants we must
have recourse to the evidence produced and the pro-
ceedings had at the trial, all of which should be pre-
served in a bill of exceptions. Before the case was argued
respondent also interposed a motion to strike the bill of excep-
tions for the reason that it was not allowed, settled, and filed
in time. While we did not deem it necessary to say anything
concerning that motion in the opinion filed, yet, in view that
counsel now strenuously insist that we should pass upon the
merits, we have deemed it proper to say a few words with
respect to the motion to strike. It appears that the motion
for a new trial was denied on the 8th day of July, 1913.
Nothing appears to have been done with respect to prepar-
ing the bill of exceptions by appellants until the 17th day
of October, 1913, although, under the statute, the time to
prepare a bill of exceptions expired on the 7th day of Au-
gust, 1913, provided the appellants had notice of the deci-

sion.  The Judge on the 17th day of October, granted appellants ''thirty days additional time in which to prepare, file and serve a bill of exceptions.''  On November 15th following the court granted them ''forty-five days additional time in which to prepare, file, and serve, a bill of exception * * * provided time has not heretofore expired.''  On December 26, 1913, they were given ''thirty additional days time in which to prepare and serve and file a bill of exceptions.''  On February 3, 1914, appellants were ''granted ten days additional time in which to file bill of exceptions.''  The bill was finally allowed and settled by the Judge on the 6th day of February, 1914.  The foregoing extensions of time are all taken from the original orders which are attached to the bill of exceptions.  If, therefore, we again give the appellants the benefit of looking into the record although not properly certified, and assume that the Judge, on the 17th day of October, 1913, had the power to further extend the statutory time of thirty days, such extension expired on the 16th day of November.  On the 15th day of that month the Judge granted a further extension of forty-five days.  That extension expired on the 31st day of December, 1913.  On the 26th day of that month, however, a further extension of thirty days was given, which expired on the 30th day of January, 1914.  When the Judge thus attempted to give another extension of ten days on the 3d day of February, 1914, he was without power to do so, and hence, when the bill of exceptions was finally allowed and settled by the Judge on the 6th day of February, he had lost jurisdiction and was without power to settle and allow the bill.  The question of the Judge's power in that respect has been definitely settled in the following cases:  *Butter* v. *Lamson,* 29 Utah 439; 82 Pac. 473; *Bryant* v. *Kunkel,* 32 Utah 377; 90 Pac. 1079; *Insurance Agency* v. *Investment Co.,* 35 Utah 542; 101 Pac. 699; *Metz* v. *Jackson,* 43 Utah 496; 136 Pac. 784.  The doctrine is reaffirmed in the case of *Tooele Imp. Co.* v. *Hoffman,* 44 Utah 532; 141 Pac. 744, where it is pointed out how the trial court may be reinvested with power to allow and settle a bill of exceptions although the time may have expired.  The foregoing cases are all decisive of the question here

presented, and establish the doctrine that the Judge had lost jurisdiction to allow and settle the bill in question.    The allowance and settling of a bill of exceptions is statutory. The procedure pointed out by our statute is exceedingly simple and practical.    An extension of time may be obtained without any trouble or expense.    Litigants must, however, substantially comply with the provisions of the statute.    If they do not and the courts nevertheless act, the action may be usurpation pure and simple.    In view that the time within which the bill of exceptions in ·question should have been allowed and settled had fully expired when the last order of February 3, 1914, was made, the Judge was without power to allow and settle the bill on the 6th day of February, 1914, and hence the motion to strike the bill must prevail.

We remark that the notice of appeal in this case is also clearly defective, if not entirely void.    The notice recites that the appeal is "from the judgment made and entered in said court on the 5th day of June, 1913," etc.    The only judgment against appellants which is incorporated into the judgment roll is dated on the 27th day of February, 1913.    It is true that an appeal is also taken from an order overruling appellants' motion for judgment on the special findings of the jury made on the 23d day of May, 1913, and likewise from the order denying their motion for a new trial dated July 8, 1913.    Those two orders are, however, not appealable in this jurisdiction, and the order denying the motion for a new trial is important only because it is that order which makes the judgment final and appealable, and because the time within which an appeal may be taken dates from the making of that order.    Both these orders, if properly preserved in the record, could, however, have been assigned as error and when so assigned could have been reviewed by this court.    The notice of appeal in this case can be deemed sufficient only in case we entirely disregard the date of the judgment which is named therein and by looking alone to the date of the order denying the motion for a new trial, which order is a part of the judgment roll.    It will thus be observed that the reasons why we can-

not legally proceed to a consideration of the merits of this case are both serious and numerous.

The other objections urged by appellants in support of their petition for a rehearing have no merit and need no further consideration.

For the reasons stated, nothing could be gained by granting a rehearing in this case, and the petition is therefore denied.

McCARTY, C. J. and STRAUP, J., concur.