PRUNTY v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

No. 5501. Decided March 9, 1935. (42 P. [2d] 219.)

*Willard Hanson* and *K. C. Tanner,* both of Salt Lake City, for appellant.

*Hurd & Hurd,* of Salt Lake City, for respondent.

MOFFAT, Justice.

This is an action on a group policy of insurance issued by the defendant and respondent, Equitable Life Assurance Society of the United States, a corporation, to the Ogden Union Railway & Depot Company, insuring employees of the Depot Company.

The action was brought by the plaintiff and appellant, Peter F. Prunty, by his guardian, Niel F. Prunty, to recover disability benefits alleged to be due under such policy of group life insurance. The policy was dated January 1, 1925. By the terms of the policy the respondent insured the lives of

the employees of the classes therein specified, for the term of one year from the register date of the policy, or such part of such term as the employees shall respectively remain in the employ of the employer in the specified classes of employees. Upon due proof of death of any employee covered by the policy of insurance, occurring while insured under the policy and while the policy remained in force, the insurance company agreed to pay the amount for which the employee's life was insured; the policy to be automatically renewed upon the conditions therein set forth.

The policy also contained a provision that if proof be furnished the Society (respondent insurance association) that any employee before reaching the age of 60 years should become wholly disabled by bodily injury or disease, and should be wholly and presumably permanently prevented, because of such disability, for life, from pursuing any and all gainful occupation, such employee was to be paid during such disability the full amount of the insurance upon the life of such employee in monthly installments.

It was provided in the policy issued to the employer that there should be issued by the employer to the employee a certificate showing the amount of insurance to which the employee was covered, subject to the terms and conditions of the group life insurance policy mentioned in the individual certificate.

It is upon the provision relating to disability that this action is brought. There are other provisions of the policy to the effect that on the first day of each month the premiums for the amount of insurance in force for that month should be paid in advance. It was also provided that the policy, together with the employer's application and the individual applications of the employees, if any, who were insured, "shall constitute the entire contract between the parties." Under the clause of the policy relating to "certificates and conversions," it was provided that the Assurance Society was to issue to the employer for delivery to the employee whose

life was insured, an individual certificate setting forth a statement as to the insurance protection to which such employee was entitled under the terms of the policy, together with a provision to the effect that in case of termination of employment for any reason whatsoever while insured, the employee "shall be entitled to have issued to him without further evidence of insurability, and upon application made to the Society within thirty-one days after such termination" and upon payment of premium, a policy of life insurance equal in amount to the protection under the group policy before termination of employment.

There were further provisions as to "New Employees," "Employer's Reports," and "Terminations" under which the employer was required to furnish the Society with the names of all employees, as they became eligible, each employee automatically coming under the provisions of the policy at the completion of six months' service for the amount of $250, and upon completion of one year's service for the amount of $500. During the continuance of the contract all changes of status in the group of employees were required to be reported to the Society within one month after the changes occurred. The insurance covering such changes and the premium readjustment corresponding to the changes were to become effective from the date when the changes occurred.

The insurance under the terms of the policy upon the life of any employee covered by the contract, it was provided, should automatically cease and determine upon the termination of such person's employment with the employer without regard to the cause of such termination, except that the employer had the option to elect that all employees who, while insured, were temporarily laid off or given leave of absence or temporarily disabled, were to be considered in the employment of the company during such period. For the purposes of insurance, re-employment was to be classed as new employment and subject to all the requirements thereof and the issuance of a new certificate.

To the complaint, setting forth in substance the foregoing statement relating to the insurance and allegations of injury and presumably permanent disability of Peter F. Prunty, answer was filed, and the issues thus formed were tried to a jury. After both parties had submitted evidence and rested the cause, defendant interposed a motion for a directed verdict in favor of defendant of no cause of action. The motion was granted, the verdict rendered as directed, and judgment entered thereon. The motion for a directed verdict was granted upon the ground that Peter F. Prunty was not insured under the terms of the insurance policy by virtue of his employment at the time of the alleged total and permanent disability, "and on that ground alone." The trial court further indicated that on other issues the plaintiff would have been entitled to have the cause submitted to the jury; but upon failure of proof of being insured at the time of the alleged injury the other issues became immaterial.

The assignments of error all go to matters contained in the bill of exceptions. Respondent has interposed in this court a motion to strike the bill of exceptions. If the motion to strike the bill of exceptions is well taken and the bill stricken, the record is left with nothing before the court to review. It therefore becomes necessary to dispose of the motion to strike the bill before considering matters contained in the bill or the errors assigned.

The motion to strike the bill of exceptions is based upon grounds that the bill was not served or settled or filed within the time allowed by law. The record discloses that the judgment from which the appeal is prosecuted was entered on the 5th day of April, 1933. No motion for a new trial was made or filed. It appears that immediately after the reading of the verdict counsel for plaintiff asked if they could be allowed sixty days additional to that allowed by law "to get out a bill of exceptions." The court orally stated:

"An order may be made to that effect, granting the plaintiff sixty days additional time in which to file bill of exceptions."

The record does not disclose any written or signed order made by the court. A proposed bill of exceptions was served on respondent by appellant on May 29, 1933. This was returned to appellant by respondent with objections and proposed amendments on June 13, 1933.

If the oral order made by the court was a valid order, the service of the bill upon the adverse party was in time and the adverse party had ten days within which to propose amendments. It is to be noted the court used the word "filed" in the oral order made. For the time being we shall pass the question of the validity of the oral order, as it may not be necessary to pass upon that matter in this case. Assuming, however, that the order made on April 5, 1933, was valid, then the service of the proposed bill was within the period of extension although not within the 30-day period allowed by the statute.

On June 28th there was served by appellant a motion of intention to present the bill of exceptions to the court for settlement on July 8th. Nothing seems to have been done in pursuance of that notice. On July 11, 1933, the court signed an order, of which a minute entry appears to have been made on July 9th, extending time to "prepare, serve, and file" bill of exceptions to September 15, 1933. On August 29, 1933, the bill with proposed amendments was served on respondent, and on the same sheet upon which respondent acknowledged service, and below the acknowledgment, there is the following written memoranda:

"The foregoing proposed bill of exceptions as amended returned together with defendant's objections and proposed amendments thereto this 5th day of September, 1933."

And then appears as signature thereto the names of counsel for appellant. On September 14, 1933, a motion and affidavit, having the alleged purpose of relieving appellant from default, if any, from failure to settle the bill of exceptions in time, was served and filed. On the same day an order was entered thereon. On September 15, 1933, the bill

of exceptions was filed with the clerk "after settlement." The following in sequence is what took place: April 5, 1933, judgment entered. Oral order entered granting 60 days' additional time. May 29, 1933, bill served. June 13, 1933, bill returned. June 28, 1933, notice of settlement. July 11, 1933, order entered extending time until September 15 to settle bill.

Conceding for the moment that the oral order of April 5th was valid, which we do not now pass upon, the thirty days allowed by the statute and the sixty days additional allowed by the court expired on the 5th day of July, 1933 (July 4th being a holiday). At that time the court lost jurisdiction of the cause and the power to extend time for settlement of the bill, unless relieved upon a proper showing from the default and making of findings accordingly.

There is an unbroken line of decisions of this court that in case the party who desires an extension of time fails to apply for such extension at some time before the statutory time, or any extension thereof, has expired, the district court or judge is without power thereafter to allow, ■ settle, and sign a bill of exceptions under the provisions of the statute, R. S. Utah 1933, 104-14-4, time for settlement and procedure being prescribed by R. S. Utah 1933, 104-39-4. *Butter* v. *Lamson,* 29 Utah 439, 82 P. 473; *Bryant* v. *Kunkel,* 32 Utah 377, 379, 90 P. 1079; *Warnock Insurance Agency* v. *Investment Co.,* 35 Utah 542, 101 P. 699; *Metz* v. *Jackson,* 43 Utah 496, 136 P. 784; *Tooele Improvement Co.* v. *Hoffman,* 44 Utah 532, 141 P. 744, 745; *Allen* v. *Garner,* 45 Utah 39, 143 P. 228; *Dayton* v. *Free,* 46 Utah 277, 148 P. 408; *Independent Gas & Oil Co.* v. *Beneficial Oil Co.,* 71 Utah 348, 266 P. 267; *Findlay* v. *National Union Indemnity Co.,* 85 U. 110, 38 P. (2d) 760.

From April 5th to July 11th is more than ninety days. The court was, in view of the foregoing authorities, without power to make the order of July 11th, and ■ the order was therefore a nullity.

The affidavit made in support of the motion to be relieved, filed on September 14th, falls squarely within the rule heretofore laid down by this court. Where an applicant seeks relief under the provisions of 104-14-4, supra,

"the court is without jurisdiction to grant relief, unless an application and showing is made to the court upon which it can base findings for or against the application. * * * The findings and order, when properly served and made a part of the record on appeal, may then be reviewed by this court upon the application of either party the same as any other ruling in the case. For these reasons, therefore, it is necessary that the application and showing be sufficient in form and substance to authorize the court to act." *Tooele Improvement Co.* v. *Hoffman*, supra.

Applying the rules above stated, there can be no controversy about the matter under the showing made, if it can be said that any showing at all was made. The affidavit states that a stenographer was instructed to file the bill of exceptions, that affiant went on a vacation, and by inadvertence and mistake the bill was not filed in time. No findings were made upon the so-called application or motion to be relieved. Indeed, it would seem difficult without more to frame anything worthy of the name of a finding. The court's order recited that for good cause shown, the applicant was relieved from default if any existed. This brings nothing in the nature of a finding here for review and in any view of the matter is insufficient. *Tooele Improvement Co.* v. *Hoffman*, supra; *Independent Gas & Oil Co.* v. *Beneficial Oil Co.*, supra; *Morgan* v. *Oregon S. L. R. Co.*, 27 Utah 92, 74 P. 523; *Felt* v. *Cook*, 31 Utah 299, 87 P. 1092; and *Allen* v. *Garner*, supra.

Under the statute when a party desires to have exceptions taken at the trial settled in a bill of exceptions (R. S. 1933, 104-39-4) he may, within 30 days after the entry of judgment, if the action was tried to a jury, as was the instant case, or within a proper extension of time—assuming the 60-day extension was properly made—have the bill settled. This was not done. Nor may it be said

the service on May 29th worked an extension of time. Under the statute, within 10 days after service, the adverse party may propose amendments and serve them, and

"the proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge."

The bill was served May 29, 1933. It was returned with proposed amendments June 13th. Whether or not the holding of the bill more than the specified time deprived the "adverse party" of the right to propose amendments is not before us. It was not until June 28th, or 15 days after its return, that the bill was noticed for settlement, on July 8th, which notice was not acted upon. The bill was not settled and filed until September 15, 1933. The provisions of the statute were not complied with. The bill of exceptions must be stricken. Such is the order.

The bill of exceptions having been eliminated from the record, the verdict of the jury, as directed by the court, and the judgment based thereon, must stand as we are precluded from examining or passing upon the evidence.

The judgment is therefore affirmed. Respondent to recover costs.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.