## PARKER v. BAMBERGER, et al.

No. 6178. Decided April 22, 1940. (101 P. 2d 372.)

Rehearing granted August 29, 1941.

For opinion on rehearing see 100 Utah 361, 116 Pac. 2d, 425.

*Irvine, Skeen, Thurman & Miner,* of Salt Lake City, for appellants.

*Wendell B. Hammond,* of Bountiful, and *Homer Holmgren* and *Rex J. Hanson,* both of Salt Lake City, for respondent.

McDONOUGH, Justice.

This case is here on appeal from the District Court of Davis County where a judgment, based on a verdict rendered by a jury, was entered in favor of respondent, plaintiff below. The action, brought by Charles J. Parker as Administrator of the Estate of Paul Jacob Parker, deceased, to recover damages sustained by Bonnie Ann Parker (infant daughter and sole heir of deceased), arose out of a railroad crossing collision in which deceased lost his life.

It will be necessary first to dispose of a motion made by respondent to strike appellants' bill of exceptions. If said motion is granted, it will not be necessary to discuss the other aspects of the case, for the reason that consideration of the errors assigned requires examination of such bill.

Respondent filed a motion to strike appellants' bill of exceptions because "it was not *settled* within the time provided by law   *   *   *." (Italics added.) Respondent points out that the bill of exceptions was not settled until June 6, 1939, whereas "the last order of the trial court extending time in which to serve and settle said Bill of Exceptions by its own terms, gave defendants (appellants) to and including June 1, 1939 to serve and *settle* said Bill of Exceptions and no additional time was granted." (Italics added.)

Section 104-39-4, R. S. U. 1933, provides in part:

"(1) When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment   *   *   *   prepare a draft of a bill and *serve* the same   *   *   *   upon the adverse party.   *   *   *

"(3)   *   *   *   Within ten days after such service the adverse party may propose amendments thereto   *   *   *. The proposed bill and amendments *must, within ten days thereafter*, be presented by the party seeking the settlement of the bill to the judge.   *   *   *   the judge must designate the time at which he will settle the bill.   *   *   *" (Italics added.)

Section 104-42-7, R. S. U. 1933, provides that "upon good cause shown" the court, in which an action is pending, may

extend the time for "preparation, service, filing or present-
ment of bills of exceptions   *   *   *."

From the record in the instant case it appears that, by an
order of the trial court dated April 26, 1939, defendants
were granted an extension of time to and including June 1,
1939, within which to *prepare* and *serve* their bill of excep-
tions. On May 22, 1939, defendants served their bill of ex-
ceptions on plaintiff and on that same day defendants and
plaintiff stipulated that the bill might be "settled, allowed,
and signed as the defendants' Bill of Exceptions." Not, how-
ever, until June 6, 1939 (16 days later) was the bill *pre-
sented to,* and settled by, the trial court. Appellants have
offered no reason or excuse for this daley.

They contend, however, that Section 104-39-4, R. S. U.
1933, (1) fixes thirty days as the time within which a draft
of a proposed bill of exceptions may be served on the
adverse party—not that it must be settled by the
court within such period. This contention is correct
But appellants' further contention that the time limit
for presentation of the proposed bill of exceptions to the
judge (ten days after amendments have been offered) does
not apply if no amendments are proposed and the adverse
party agrees to the terms of the bill of exceptions, cannot
be accepted. Obviously, there is as much reason to require
expeditious presentation of proposed bills of exceptions to
which no amendment is offered as proposed bills to which
amendments are offered. Nothing in the statute indicates
a contrary intent. The last sentence of paragraph (3) of
Section 104-39-4, R. S. U. 1933, does not, as suggested by
appellants free from the time limitation of the statute
those proposed bills of exceptions to which no objections
or amendments have been offered and served. That sen-
tence simply provides that a proposed bill to which no
amendments have been offered by the adverse party, or the
amendments to which are accepted by the initiating party,
may be presented to the judge for settlement *without notice*
to *the adverse party.* The reason for this provision is ob-

vious. If there is no conflict, *notice* to the adverse party need not be given. There is, however, no reason for permitting delay and prolonging the judicial proceedings simply because there is no conflict over the bill of exceptions. Section 104-39-4 seems plainly to provide that (1) a proposed bill of exceptions may be prepared and served within *thirty days;* (2) amendments, if any, may be proposed and served within *ten days,* after service of the bill; and (3) the proposed bill and amendments, if any, *must be presented* to the judge for settlement within *ten days* after service of the proposed amendments or after service of notice that no amendments will be offered.

Appellants have not complied with the time limit of *ten days* for presentation of the bill as fixed by the statute, which period during its running, for good cause shown, could have been extended by the judge, as ■ could the other periods set out by the statute.

Appellants were granted until June 1, 1939, to serve their bill of exceptions. They served it on May 22, 1939. Hence, on that day the period granted for service terminated, and the period within which the adverse party might act (offer amendments) started to run. ■ But on that same day (May 22d) the adverse party (respondent) acted by stipulating that the bill might be "settled, allowed and signed as defendants' Bill of Exceptions." Thereupon, the period for action by the adverse party terminated, and the period in which the bill was required to be presented to the judge for settlement began to run. This last period expired at the close of June 1, 1939 (ten days after action by the adverse party), but the bill had not been presented, nor was it presented until June 6, 1939.

In *Prunty* v. *Equitable Life Assurance Society of the United States,* 86 Utah 236, 42 P. 2d 219, 221, there was a sequence of events as follows: April 5, 1933, judgment entered and oral order entered granting 60 days additional time to *file* a bill of exceptions; May 29, 1933, bill served

on adverse party; June 13, 1933, bill returned with proposed amendments; June 28, 1933, notice of settlement; July 11, 1933, order entered extending time until September 15 to settle bill; September 15, 1933, bill filed. It should be noted that the trial court granted 60 days additional time in which to *file*—not serve—a bill of exceptions. The effect of the court's order was to give the appealing party ninety days (instead of the statutory time of thirty days to serve, ten days to offer amendments, and ten days to present the bill for settlement) in which to accomplish these *three things*. The bill was *served* on the adverse party within the period granted (on May 29, 1933); it was *returned* with amendments on June 13th which was within the period (this court did not rule on the effect of failure to return the bill within ten days); but not until September 15th (ninety-day period terminated on July 5th) was the bill *filed* (*presented*) and settled. In holding that the time limitation had not been met and that the bill of exceptions, therefore, must be stricken, this court said:

"There is an unbroken line of decisions of this court that in case the party who desires an extension of time fails to apply for such extension at some time before the statutory time, or any extension thereof, has expired, the district court or judge is without power thereafter to allow, settle, and sign a bill of exceptions under the provisions of the statute, R. S. Utah 1933, 104-14-4, time for settlement and procedure, being prescribed by R. S. Utah 1933, 104-39-4." (Cases cited.)

Such must be our ruling in the instant case. Appellant has failed to comply with the time limitations provided by statute and, although our ruling may appear harsh in that appellants' delay beyond the statutory time was only five days, the law is settled and this court is bound by the wording of the statute.

It should be noted that respondent's motion to strike the bill of exceptions, because it was not "served and settled" in time, is inaccurate. The record shows that the bill was

served in time and there is no statutory time limit within which a bill must be settled after being presented to the judge or the clerk of the court for the judge. Were there such a time limit for settlement neither of the parties should suffer if it is not kept because the time for settling a bill is wholly in the control of the judge. An appealing party has fulfilled the requirements of the statute when he *presents* his bill within the time specified. But, although respondent's motion was not accurate, it served to raise the points of statutory compliance which we have here decided.

The bill of exceptions having been stricken, we are precluded from examining the evidence in the case and the instructions to the jury. The only point to be determined by this court is whether the pleadings are sufficient to sustain the judgment. We hold that they are. Therefore, the verdict of the jury and the judgment thereon must stand. *Prunty* v. *Equitable Life Assurance Society of United States,* supra.

Costs to respondent for that portion of its brief devoted to the motion to strike the bill of exceptions.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.