## BUTTER et al. v. LAMSON.

## LAMSON v. HAYS et al.

No. 1624 (82 Pac. 473).

1. APPEAL—DISMISSAL—DELAY IN FILING TRTANSCRIPT—A second motion to dismiss the appeal will be granted, where, after the first motion to dismiss, based on appellant's failure to file the transcript of record within the thirty days after perfection of appeal limited by Revised Statutes 1898, section 3301, and Supreme Court rule, was denied because of appellant's inability to seasonably secure the transcript of evidence, there was an unexplained delay of forty-five days after the transcript of evidence was obtained in having the bill of exceptions settled, and of sixty days in having the transcript of record filed in the Supreme Court.

2. SAME—FILING TRANSCRIPT—EXTENSION OF TIME.—Where one, after perfecting his appeal, finds it impossible to file his transcript within the time limited by statute and the Supreme Court rule, he should, before expiration of the time, apply to the Supreme Court for extension of time.

3. SAME — SETTLING BILL OF EXCEPTIONS — EFFECT OF EXTENDING TIME.—The extension of time by the trial court for settlement of bill of exceptions does not extend the time for filing the transcript on appeal.

4. BILL OF EXCEPTIONS—EXTENDING TIME TO SETTLE.—The trial court cannot, after expiration of the time limited by statute for settling the bill of exceptions, give an extension of time therefor, but it must be given before such expiration.

(Decided September 2, 1905.)

APPEAL from District Court, Salt Lake County; Wm. C. Hall, Judge.

Two actions, one by John Butter and S. Hays against Allan G. Lamson, and the other by said Lamson against said Butter and Hays. From adverse judgments, Lamson appeals.

AFFIRMED.

*Frick & Edwards* for appellant.

*Frank Hoffman, L. R. Rogers,* and *Snyder & Wight* for respondents.

STRAUP, J.

These two cases were consolidated, tried together, and both are ·attempted to be brought here for review on an appeal from the judgments.

These judgments must be affirmed for the following reasons: Section 3301, Revised Statutes 1898, provides:

> "An appeal may be taken within six months from the entry of the judgment or order appealed from."

Section 3302 provides:

> "The judgment roll and bill of exceptions, if there be one, shall constitute the record on appeal to the Supreme Court."

Upon the appeal being perfected, filing and serving notice and undertaking, the clerk of the court from which the appeal is taken, at the expense of the appellant, shall forthwith transmit to the Supreme Court the papers constituting the record on appeal. Section 3317 provides:

> "If the appellant shall fail to cause such papers to be transmitted and filed in the Supreme Court within thirty days after the perfecting of the appeal, the appeal may be dismissed on motion of the respondent."

A rule of this court also provides that the transcript of record shall be filed in this court within thirty days after such appeal shall have been perfected unless further time has been given by this court, or a justice thereof, on good cause shown by affidavit. The record discloses that these judgments were entered October 21, 1903. On December 24, 1903, a motion for a new trial was ·overruled, and notice

thereof was served December 29, 1903. On May 13, 1904, appellant served and filed a notice of appeal, and on May 17, 1904, filed an undertaking on appeal. No transcript on appeal, however, was filed in this court until December 23, 1904, more than seven months after the appeal was perfected, notwithstanding the statute and a rule of this court provided it shall be done within thirty days. On the first day of the October, 1904, term of this court, a motion was made by the respondent to dismiss these appeals because no transcript had then been filed. Appellant attempted to excuse the delay and failure by showing that the judge of the district court from time to time extended the time to settle a bill of exceptions to and including the 15th day of October, 1904, and that a transcript of the reporter's notes of the evidence could not be had and was not procured until September 29, 1904. The motion to dismiss the appeals was then denied. But thereafter, the transcript not having been filed until December 23, 1904, at the February, 1905, term of this court, a new motion was made by the respondent to dismiss these appeals because the transcript on appeal was not filed within time.

This motion must prevail. By our refusal to grant the first motion to dismiss, we have excused appellant for everything by way of delay that existed prior to and at the time of the filing of the first motion, but he cannot be excused forever. Notwithstanding he obtained the reporter's notes on September 29, 1904, and notwithstanding the bill of exceptions is only a transcript of the evidence, as furnished by the reporter, which under our Code is permissible, yet we find the bill of exceptions was not settled until December 13, 1904, and the transcript on appeal not filed until December 23, 1904. In other words, the time from the filing of the first motion to dismiss until the filing of the transcript with this court was nearly three months. This delay is wholly unaccounted for, and no explanation thereof is at all attempted, or any reason offered why the bill could not have been settled long prior to December 13, 1904, and the transcript filed with this court long prior to December 23, 1904. When we

refused to dismiss the appeal on the first motion we did all, if not more, than the law authorized; for if an appellant, after perfecting his appeal, found, for any reason, that he could not file his transcript on appeal within thirty days, as required by the statute and rule of this court, he should, before his time has expired, apply to this court, or to a justice thereof, to have his time extended. At no time was this court, or a justice thereof, asked to do so. To now again excuse appellant for his continued and additional delay, wholly unaccounted for and unexplained, is more than we ought to do. By express terms of the statute it is provided that the time in which an appeal may be taken cannot be extended. The statute further contemplates that the appeal, when taken, shall be prosecuted with reasonable diligence, and as by the statute and rules of this court provided. While it may be conceded, without deciding, that the district court, or a judge thereof, may, after an appeal is perfected, in certain cases settle a bill of exceptions, yet it is clear that his orders made with respect thereto cannot directly or indirectly have the effect of arresting or staying the proceedings on appeal. Assuming therefore that the district court had authority, after the appeal was perfected, to extend the time for service and settlement of a bill of exceptions, yet, when exercised, it cannot have the effect of extending the provisions of the statute or the rule of this court requiring the transcript on appeal to be filed within thirty days from the perfecting of the appeal.

There is a clear reason, however, why the court was without jurisdiction when the bill of exceptions was settled by him on the 13th day of December, 1904. These judgments were entered October 21, 1903, a motion for a new trial was overruled December 24, 1903, and a notice of such overruling served December 29, 1903. Under the provisions of the statute, appellant, if desirous of having settled a bill of exceptions, was required to prepare and serve his proposed bill within thirty days from service of notice overruling the motion for new trial. While the district court has power to extend this time, when application for extension is made before the time has expired, he is without authority to grant

such extension when, at the time of the application, the time for service of the bill has fully expired, and especially is this true after term time. The time appellant had, as of course, in which to serve his bill, expired January 28, 1904. The record shows the time to serve the bill was not attempted to be extended until May 13, 1904, the day on which the notice of appeal was served and filed, at which time the first application and order of extension were made. The time for service then having expired three and one-half months, the court was without jurisdiction to then make such an order, and was likewise without jurisdiction when he made the subsequent orders; the last one extending the time to October 15, 1904. When the court settled the bill of exceptions on December 13, 1904, he was therefore without jurisdiction to do so. As the assignments of error present no question other than is required to be made to appear by a bill of exceptions, the affirmance of the judgments necessarily follows.

The judgments of the court below are affirmed, with costs.

BARTCH, C. J., and McCARTY, J., concur.