# BRYANT v. KUNKEL et al.

No. 1819.   Decided July 3, 1907 (90 Pac. 1079).

| 32 | 377 |
| f35 | 548 |

1. EXCEPTIONS, BILL OF—TIME FOR PRESENTATION—STATUTES.   Under Revised Statutes 1898, section 3286, as amended by Laws 1905, chapter 7, page 7, providing that a bill of exceptions must be prepared and served within thirty days after notice of judgment, and section 3329, as amended by Laws 1905, chapter 10, page 9, providing that the time for the preparation and service of bills of exceptions may for good cause shown be extended by the court, a bill of exceptions must be served either within thirty days after notice of judgment, or within the time fixed by the court.

2. SAME—WAIVER OF DELAY.   The attorney for the successful party who agreed that a proposed bill of exceptions presented after the time for the presentation of the same had expired might be settled as the bill of exceptions, but who objected to the time of service, and who insisted that the proposed bill was not served in time, did not waive the delay in the service.

3. SAME—TIME FOR PRESENTATION.   Notice of judgment was served June 26th.   An order for an additional sixty days' time within which to prepare and serve a bill of exceptions was made July 16th.   No further extension of time was obtained, and the proposed bill of exceptions was not served until November 22d.   *Held*, that under Revised Statutes 1898, section 3286, as amended by Laws 1905, chapter 7, page 7, and section 3329, as amended by Laws 1905, chapter 10, page 9, providing that a bill of exceptions must be served within thirty days after notice of judgment, unless time for the service thereof has been extended, by the court, the bill was not served in time, and the judge was without authority to sign it.

4. APPEAL—RECORD—REVIEW.   Where the bill of exceptions is eliminated from the record on appeal, the court can only determine whether the judgment is supported by the pleadings, findings of fact, and conclusions of law.

APPEAL from   District Court, Third District; C. W. Morse, Judge.

Action by Walter Bryant against Mark Kunkel and others. From a judgment for plaintiff, defendants appeal.

AFFIRMED.

*C. S. Patterson* for appellants.

*James Ingebretsen* for respondent.

Either the affiant knew, or did not know that the defendants were non-residents. If he did not know, then the affidavit is clearly insufficient. If he did know, then the allegation on information and belief is not sufficient. (*Baskin v. Godbe,* 1 Utah 28; *Thompson v. Skeen,* 14 Utah 409.)

"A default obtained without proper service, and on an unauthorized appearance, is a nullity." (1 Black on Judgments, sec. 83; *Fleming v. Imp. Co.,* 12 Colo. App. 187; *Mining Co. v. Mining Co.,* 12 Colo. 46; *Howell v. Campbell,* 53 Kan. 742.)

"A judgment following a service of summons purporting to be by publication, but which was made without affidavit and order, is void." (*People v. Mullan,* 65 Cal. 396.)

"If the affidavit upon which the order of publication issued was substantially defective, there is no jurisdiction of the defendant." (*Braly v. Seaman,* 30 Cal. 610.)

"In case of notice by publication the court acquires no jurisdiction until proper proof of a compliance with the statute requisitions is made to appear of record." (*Tunis v. Withrow,* 10 Iowa 305; *Byram v. McDowell,* 15 Lea [83 Tenn.], 581; *Roberts v. Roberts,* 3 Colo. App. 6.)

"In the absence of a statute the annexing and filing of papers as exhibits to a pleading, does not make them a part thereof." (8 Encl. Pl. & Pr. 740; *Stratton v. Henderson,* 26 Ill. 68; *Hadwin v. Ins. Co.,* 13 Mo. 473; *Larimore v. Wells,* 29 O. St. 16; *Aultman v. Siglinger,* 2 S. Dak. 444; *Williams v. Hallett,* 2 Sawy. [U. S.], 261.)

"And they cannot be referred to for the purpose of supplying the omission of a material allegation, or curing a fatal defect." (*Burkitt v. Griffith,* 90 Cal. 542; *Brooks v. Paddock,* 6 Colo. 36; *Pomeroy v. Fullerton,* 113 Mo. 440; *Wynne v. Bank,* 82 Tex. 378; *Insurance Co. v. Kahn,* [Wyo.], 34 Pac. 895.)

While a contract may be set out *in haec verba* or annexed by proper reference; preliminary or collateral matters of substance must be averred, so that the ultimate facts for which it was incorporated will be clearly presented. (*Stevens v. Insurance Co.,* 14 Utah 265.) "An allegation that defendant 'gave a mortgage' is simply a conclusion of law." (*Hussey v. Smith,* 1 Utah 241; section 3187, Rev. Stat.)

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint."

"A judgment must accord with and be warranted by the pleadings of the party in whose favor it is rendered. A judgment not supported by the pleadings is as fatally defective as one not sustained by the verdict or findings." (*Bachman v. Sepulveda,* 39 Cal. 688; *Sieberling v. Mortensen,* 10 S. Dak. 644; *Marshman v. Conklin,* 21 N. J. Eq. 546; *Parsley v. Nicholsen,* 65 N. C. 207; *Frevert v. Henry,* 14 Nev. 191; *Lee v. Mfg. Co.,* 16 Tex. Civ. App. 671; *Wheeler v. Foster,* 82 Ill. App. 153; *Clemons v. Heelan,* 52 Neb. 287.)

FRICK, J.

Before we can proceed to a consideration of the merits of this appeal we are required to pass upon a preliminary motion interposed to strike the bill of exceptions. The motion is based on the following proceedings, as disclosed by the record: The judgment appealed from was entered June 26, 1906, and on the same day notice was duly served on appellants' attorney. No motion for a new trial was filed, but on July 16, 1906, appellants' attorney obtained an order from the court giving him "sixty days additional time in which to prepare, serve, and file a bill of exceptions herein." Nothing seems to have been done upon this order until the 22d day of November following, at which time the attorneys for the respective parties entered into a stipulation attaching the same to the proposed bill of exceptions, wherein it was, in part, stipulated "that the same may be settled as the bill of exceptions herein, waiving no rights whatever to object to time of service, and insisting such service is not in time." On the

following day this proposed bill was presented to the judge who allowed and signed it in the absence of respondent's attorney, and the same was filed, and now constitutes the only bill of exceptions in this case. The motion asks to have the same stricken from the record upon the ground that the judge allowing the same was without authority to do so.

It seems the motion is well taken. By section 3286, Rev. St. 1898, as amended in Laws 1905, p. 7, c. 7, it is in substance provided that a bill of exceptions must be prepared and served within thirty days after notice of judgment as applicable to cases like the one at bar; and by section 3329, as amended by the same laws, at page 9, c. 10, it is provided that the time for the preparation and service of bills of exceptions may, for good cause shown, be extended by the court. From these sections the implication is unavoidable that the bill of exceptions must be served either within the time allowed by section 3286, or within the time as extended under section 3329. This was not done in this case. The notice of judgment was served on June 26th. The order for the "additional sixty days' time within which to prepare, serve, and file" the bill of exceptions was made on July 16th following. Assuming, but not deciding, that the sixty days "additional" time given by the court commenced at the end of the thirty days given by the statute, then the sixty days would begin on July 26, and end on September 25, 1906. Beyond this the extension given by the court could not go. If further time was required it could be obtained under the statute only for good cause shown, and by further order based thereon. Nothing was attempted however until nearly two months after the expiration of the statutory thirty days and including the extended sixty days, when the proposed bill of exceptions was served, to wit, on November 22, 1906, and the judge allowed it on the following day, which was outside of any time within which it could have been allowed either by force of the statute or by force of the extension of time given by the court. Neither can it be said that respondent's attorney waived the time of service, or consented thereto. He expressly objected to the bill upon this ground. In view, therefore, that

the bill of exceptions was not served and presented to the judge for allowance within any period of extension that might have been had, the judge was without authority of law to sign the proposed bill of exceptions, and the same should be stricken. The cases of *Earl v. Dresser,* 30 Ind. 11, 95 Am. Dec. 660, and *Bell v. Murray,* 13 Colo. App. 217, 57 Pac. 488, are directly in point upon this question. The motion to strike the bill of exceptions must therefore be sustained.

The bill of exceptions having thus been eliminated from the record, we have no power to do more than determine whether the judgment is supported by the pleadings, findings of fact, and conclusions of law as made by the court. An examination of the transcript leaves no room for doubt with regard to this.

No error having been made apparent by the record the judgment should be, and accordingly is, affirmed; respondent to recover costs.

McCARTY, C. J., and STRAUP, J., concur.