## METZ v. JACKSON.

No. 2513. Decided November 10, 1913 (136 Pac. 784).

1. APPEAL AND ERROR—REVIEW—PREJUDICIAL ERROR. Where a demurrer was sustained to defendant's answer, and an amended answer was filed, the original went out of the record, and hence the improper refusal of the motion to strike the answer was not prejudicial. (Page 498.)

2. EXCEPTIONS, BILL OF—ALLOWANCE. Notice of the decision was served on defendant's attorney the 6th of January, 1913. March 31st leave was given to prepare and serve a bill of exceptions on or before April 10th. *Held*, that where no bill was presented for settlement until May the court was without jurisdiction to settle and allow the proposed bill of exceptions.[1] (Page 498.)

3. APPEAL AND ERROR—BILL OF EXCEPTIONS—NECESSITY. In the absence of a bill of exceptions embracing the testimony, the only question which can be determined on appeal is whether the pleadings are sufficient to sustain the findings of fact and judgment. (Page 499.)

APPEAL from District Court, First District; *Hon. W. W. Maughan,* Judge.

Action by J. I. Metz against David Jackson.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*R. S. Spence* for appellant.

*B. C. Call* for respondent.

---

[1] Butter v. Lamson, 29 Utah, 439, 82 Pac. 473; Bryant v. Kunkel, 32 Utah, 377, 90 Pac. 1079; Ins. Agency v. Investment Co., 35 Utah, 542, 101 Pac. 699.

FRICK, J.

This action was commenced by the appellant as indorsee of a certain promissory note dated May 8, 1906, payable to S. Metz & Sons or order one year after date, which was signed by the respondent. Neither the note nor the complaint disclosed whether the appellant obtained the note before or after maturity, but in that respect he relied upon the presumption created by Comp. Laws 1907, section 1611. The respondent filed an answer in which, after stating that the appellant was not a holder in due course, he set up various defenses. One defense was that the note was obtained by fraud and false representations, and another that the consideration had wholly failed. The case was tried to the court; a jury having been waived by both parties. The court made findings of fact, which, in substance, are: That on the 8th day of May, 1906, respondent made and delivered to S. Metz & Sons the promissory note sued on; that on said date said S. Metz & Sons by M. C. Metz, made certain material representations concerning the qualities and physical condition of what they represented to be a thoroughbred stallion, which they offered to sell or trade to respondent; that respondent relied on said representations, all of which were false, and made to deceive and defraud, and did deceive, the respondent; that as soon as respondent learned that the representations were false, and of the actual physical condition of said stallion, he "rescinded the contract for the sale of said stallion, including said promissory note," and it is further found "that defendant (respondent) did not receive from the said M. C. Metz, or any other person, any consideration whatever for the said promissory note, and said S. Metz & Sons, by M. C. Metz, thereupon agreed with the defendant that said note be rescinded, and agreed to return the said promissory note to the defendant to be canceled; that said S. Metz & Sons failed to deliver said note to defendant to be canceled as aforesaid; that said S. Metz & Sons, upon the refusal of the defendant to accept said stallion, took same away, and that said stallion was not at

any time in the possession of the defendant." The court further found that said note was not indorsed to appellant before the maturity thereof, "but on the contrary the said note remained in the possession of said S. Metz & Sons, and under their control until after the maturity of the said note." As conclusions of law the court found that "said promissory note was obtained by the said S. Metz & Sons from the defendant by fraud and false representations," that neither the appellant nor the person under whom he claims "is or was a holder in due course prior to the maturity of said note," and that respondent is entitled to judgment canceling said note, which was accordingly entered.

The principal contentions on the appeal are that the court erred in not sustaining appellant's motion to strike respondent's first amended answer to the complaint and in not sustaining appellant's general demurrer to the second amended answer. The court did sustain a demurrer to the first amended answer and gave respondent leave to file a second amended answer, which was done. The first amended answer, therefore, went out of the case, and the court could not have prejudicially erred in not striking it. Nor did the court commit error in overruling the general demurrer to the second amended answer. While the facts are inartificially stated, yet the answer as a whole was sufficient to withstand a general demurrer.

In passing to the assignment that the findings of fact are not sustained by the evidence, we are met with a motion interposed by respondent to strike appellant's proposed bill of exceptions, in which it is sought to preserve the evidence adduced at the trial. The motion is based upon the grounds that the bill was not prepared, served, nor settled within the time fixed by our statute, and that the same had not been served on respondent, nor upon his attorney. Objections to the allowance of the bill were interposed by respondent in the court below for the reasons stated, and that court certifies that the grounds stated in the motion are true, but it nevertheless signed the bill of exceptions and certified it up so that this court might pass upon the ob-

jections. The record discloses that judgment was entered on the 18th day of September, 1912, and that notice of the decision was served on appellant's attorney on the 6th day of January, 1913. It further shows that no attempt was made to obtain an extension of time to prepare and serve a bill of exceptions until more than thirty days had elapsed after notice of decision was served. Such an attempt was, however, made on March 31, 1913, at which time leave was given by the district court to prepare and serve a bill of exceptions on or before April 10, 1913. The proposed bill of exceptions, however, never was served on respondent nor upon his attorney and was not presented for settlement until the 14th day of May, 1913, at which time the district court allowed and settled the bill over respondent's objections, under the circumstances before stated. It is very clear that under the former decisions of this court the district court had no authority to settle and allow the proposed bill of exceptions. The following cases squarely so hold. *Butter v. Lamson,* 29 Utah, 439, 82 Pac. 473; *Bryant v. Kunkel,* 32 Utah, 377, 90 Pac. 1079; *Insurance Agency v. Investment Co.,* 35 Utah, 542, 101 Pac. 699. The motion to strike the bill of exceptions must therefore prevail.

In view that there is no bill of exceptions the only question we can determine is whether the pleadings are sufficient to sustain the findings of fact and judgment. We think they are.     **3**

Judgment is therefore affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.