STATE v. MARTIN.

No. 2928.   Decided March 23, 1917.   (164 Pac. 500.)

1. CRIMINAL LAW—BILL OF EXCEPTIONS—DELAY IN FILING—EFFECT. The district court loses jurisdiction to settle and allow a bill of exceptions not served and allowed within the time fixed by statute or within an extension of that time on proper application, and the Supreme Court cannot consider a bill not settled and allowed within the proper time after conviction.[1]   (Page 348.)

2. CRIMINAL LAW—BILL OF EXCEPTIONS—TIME FOR FILING—STATUTE—EXTENSION.   Under Comp. Laws 1907, Section 4946, providing that bills of exceptions in criminal cases shall be settled, signed, and filed as provided by law in civil cases, and Section 3286, providing that in civil cases the party desiring to settle a bill of exceptions must serve his proposed bill within thirty days after the entry of judgment or after service of notice of the determination of a motion for new trial, the District Courts may, for cause shown, extend the time for settling the bill in case an extension is applied for within the thirty-day period, or at any time before a previous extension has expired.   (Page 348.)

3. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES—IDENTITY.   In a prosecution for robbery, letters which there was evidence to show defendant wrote and which referred to another robbery, but indicated that it was committed by the same person as committed the robbery in question, are admissible to identify defendant as a guilty party.   (Page 349.)

4. CRIMINAL LAW—EVIDENCE—PROOF OF HANDWRITING—STANDARD OF COMPARISON.   In a criminal prosecution, the state can intro-

[1] Butter v. Lamson, 29 Utah 439, 82 Pac. 473; Bryant v. Kunkel, 32 Utah 377, 90 Pac. 1079; Ins. Agency v. Investment Co., 35 Utah 542, 101 Pac. 699; Metz v. Jackson, 43 Utah 496, 136 Pac. 784; Allen v. Garner, 45 Utah 39, 143 Pac. 228.

Appeal from Second District.

duce letters which it was shown without dispute defendant had written, to be used by experts as standards of comparison with the handwriting of a letter which defendant denied writing, and which showed the guilt of the writer.[1]  (Page 350.)

5.  CRIMINAL LAW—APPEAL—SENTENCE—FACTS CONSIDERED.  Notwithstanding Comp. Laws 1907, Section 4916, as amended by Laws 1915, c. 113, providing that, when discretion is conferred upon the court as to the extent of punishment, the court may take into consideration any circumstances either in aggravation or mitigation which may then be presented to it by either party, the facts considered by the trial judge in determining what sentence within the legal limits he will impose cannot be reviewed by the Supreme Court, though the judge's preliminary remarks indicated that he was influenced by facts which were brought out in another prosecution against the same defendant tried before him.  (Page 351.)

6.  CRIMINAL LAW—APPEAL—REMAND FOR RESENTENCE.  The trial judge's consideration of facts brought out by another trial in sentencing defendant is not even an irregularity which authorizes the Supreme Court to set aside the sentence and remand the defendant for resentence, which may be done under certain circumstances.  (Page 352.)

Appeal from District Court, Second District; *Hon. J. A. Howell,* Judge.

Joseph Henry Martin was convicted of robbery, and he appeals.  Motion to strike the bill of exceptions denied and judgment affirmed.

*John G. Willis* and *D. L. Stine* for appellant.

*Dan B. Shields,* Atty. Gen., and *J. H. Wolfe* and *O. C. Dalby,* Asst. Attys. Gen., for the State.

FRICK, C. J.

The defendant was convicted of the crime of robbery, was sentenced to the state prison, and appeals.

The state filed a motion to strike the bill of exceptions upon the ground that it was not served within the time required by our statute and that for that reason the district

[1]*Smith* v. *Hanson,* 34 Utah 171, 96 Pac. 1087, 18 L. R. A. (N. S.) 520.

court was without authority to settle and allow the same.

We have frequently held that, unless the proposed **1** bill of exceptions is served and allowed within the time fixed by our statute, or within such an extension of that time as may, on proper application therefor, be fixed by the district court, then that court loses jurisdiction or power to settle and allow the same, and that this court may not consider a bill not settled and allowed within proper time for any purpose. *Butter* v. *Lamson*, 29 Utah 439, 82 Pac. 473; *Bryant* v. *Kunkel*, 32 Utah 377, 90 Pac. 1079; *Ins. Agency* v. *Investment Co.*, 35 Utah 542, 101 Pac. 699; *Metz* v. *Jackson*, 43 Utah 496, 136 Pac. 784; *Allen* v. *Garner*, 45 Utah 39, 143 Pac. 228. The question therefore is: Was the bill of exceptions in question served and allowed within the proper time?

Our statute (Comp. Laws 1907, section 4946) pro- **2** vides that bills of exceptions in criminal cases "shall be settled, signed and filed as provided by law in civil cases." Section 3286 provides that in civil cases the party desiring to settle a bill of exceptions must prepare and serve his proposed bill on the adverse party "within thirty days after the entry of judgment * * * or (within thirty days) after service of notice of the determination of a motion for a new trial." The district courts may, however, for good cause shown, extend the time in case an extension is applied for within the thirty-day period aforesaid, or at any time before a previous extension has expired. See cases above cited. The motion for a new trial in the case at bar was denied on December 11, 1915. The statutory time within which to prepare and serve a bill therefore expired on January 10, 1916. On January 3, 1916, the defendant applied for and was granted thirty days' "additional time within which to prepare and serve" his proposed bill of exceptions. That extension gave him to the tenth day of February, 1916, within which to prepare and serve his proposed bill of exceptions. On February 10, 1916, he obtained another extension of thirty days. The time was thus extended to March 11, 1916. The defendant's proposed bill of exceptions was actually served on February 23, 1916, and was settled and allowed by the district

court on March 9, 1916. The bill was therefore served, settled, and allowed and filed within proper time, and hence the motion to strike the same must be denied.

We now proceed to a consideration of the merits of the appeal.

Defendant's counsel, in their brief, state the matters to be reviewed by us in the following terms:

"The defendant was indicted upon a charge of robbery. Upon trial he was convicted. He appeals, and urges that reversible errors were committed by the trial court in three general particulars, viz.: (1) In the admission of testimony, pertaining to conversations; (2) in the admission of testimony, pertaining to identity; and (3) by the court taking into consideration circumstances, upon which it based the quantity of penalty inflicted, in direct violation of the statutes pertaining thereto."

The first assignment arises as follows: The defendant was charged with robbery alleged to have been committed on the 28th day of October, 1911. On the trial of the cause, however, the state produced evidence tending to show that the defendant had written certain letters in which he connected himself with a certain attempted robbery, which was attempted on the 11th day of August, 1911. The alleged robbery last above referred to was attempted at the same place and upon the same person as was the robbery in this case, and the contents of the letters referred to clearly indicated that the person attempting the commission of that robbery was the same person who it was alleged committed the robbery in question, and that it was committed at the same place and upon the same person. The letters were offered by the state merely as a means of identifying the person who it was alleged committed the robbery in question here. If the defendant wrote the letters in question, and the jury found that he did write them, then the contents of those letters clearly identified the defendant as the person who committed the robbery in question. The transaction of August 11, 1911, was therefore not offered nor admitted for the purpose of showing that the defendant had in fact committed or attempted to commit another independent crime

or offense, but both the letters and what occurred on that occasion were offered and admitted only as a means of identifying the defendant and to connect him with the offense charged; and we can conceive no good reason, and none is suggested, why the letters and the evidence which is objected to were not admissible for that purpose. That the evidence and letters were admissible for that purpose is well settled. Wharton, Crim. Ev. (10th Ed.) p. 133 *et seq.*, and cases cited; *People* v. *Harben*, 5 Cal. App. 29, 91 Pac. 398.

It is further contended that the district court erred in admitting in evidence certain writings as standards of comparison which the state proved had been written by the defendant. This assignment is based on the following **4** facts: The state had in its possession a large number of letters which it was contended were written by the defendant, and which, if written by him, contained very strong, if not conclusive, evidence that he had committed the offense charged against him. The authenticity of the letters was disputed by the defendant, and the state produced the writings in question as standards of comparison and submitted them to certain experts on handwriting who testified that in their opinion the letters in question were written by the same person who had written the writings that were used as standards of comparison which were produced by the state, and which it was shown, without dispute, the defendant had written. Counsel for defendant insists that the district court erred in admitting in evidence the standards of comparison aforesaid and in permitting the handwriting of the defendant to be used as a standard of comparison which was not in the case for some other legitimate purpose. It is not necessary for us at this time to again review the conflicting views of the courts upon this proposition and the conditions under which such views arise. That was sufficiently done in the case of *Smith* v. *Hanson*, 34 Utah 171, 96 Pac. 1087, 18 L. R. A. (N. S.) 520. The question raised and discussed by counsel was considered and decided against their contention in the case just referred to. In that case, after giving the subject careful consideration, we explicitly held that a writing that is proved to the satisfaction of the court to be the handwrit-

ing of the person whose handwriting is in dispute, when such writing was made under ordinary and proper conditions, may be used by both the experts on handwriting and the jury as a standard of comparison. We are content with the conclusion there reached upon this subject, and hence refrain from pursuing the subject further.

Finally, it is earnestly contended that the district court committed error prejudicial to the substantial rights of the defendant in passing sentence upon him. The record discloses that before passing sentence the district court reviewed the past record of the defendant, and in doing so referred to some matters that were not made a part of the record in the case at bar, but which had come out on a former trial of the defendant which occurred before the same judge who tried the case at bar, and which matters related to or were connected with the circumstances shown at the present trial. It could subserve no good purpose for us to repeat here the comments made by the district judge in passing sentence. It must suffice to say that the judge at considerable length discussed a number of matters which occurred in the course of the former trial and which were strongly incriminating, and which, in the mind of the judge, clearly disclosed that the defendant deserved a rather severe sentence. Indeed, the court strongly intimated that it was entirely within the power of the defendant either to affirm or dissipate some very strong incriminating circumstances that in the mind of the judge proved his guilt. Counsel vigorously insist that under our statute (Comp. Laws, 1907, section 4916, as amended by chapter 113, Laws Utah 1915) the district judge was powerless to consider anything either in mitigation or in aggravation of punishment, unless he heard the facts in relation thereto in open court, as in that section provided. It should be remembered that it is not contended that the alleged error now under consideration in any way affected the fairness or impartiality, or that it in any way influenced the result of the trial. The question therefore is whether this court can review a matter which merely reflects the mental attitude of the trial judge, which is the result of what the judge heard and saw during two trials of the defendant.

If it be assumed that the judge's condition of mind and what he had heard and seen during the two trials to some extent at least influenced him in passing sentence, yet the question still remains whether that is a matter that is subject to review by this court. Suppose the judge, with the matters referred to by him in mind, but without giving them expression, had merely imposed sentence upon the defendant. The effect, so far as he is concerned, would have been precisely the same as it now is; the only difference being that the judge would have remained silent with respect to the matters he, had in mind. It would have been the same judge with the same mental attitude or condition that would have passed sentence. That merely shows that the mental attitude of the judge, whether expressed or not, in passing judgment, cannot be made a matter for review by this court. Moreover, the whole matter arose after the trial was ended and after the jury had passed on the facts, and therefore could have had no influence upon the trial or the result thereof. Then again, the court pronounced only the sentence which the law imposed; that is, while the law permitted the judge to impose a lesser punishment than he did, yet it also authorized him to impose the very one he did in fact impose. The sentence therefore strictly conforms to the statute, and, that being the case, we are powerless to declare it illegal, or even erroneous. The question presented by counsel therefore is not one that is reviewable by this court, but under our Constitution may be presented to the board of pardons, and when, in their judgment, the defendant has been sufficiently punished for the crime of which he stands convicted, that body may either pardon him or commute his sentence, and may thus restore him to liberty.

The matter presented here does not even constitute such an irregularity as would authorize this court to set the sentence aside and remand the defendant to the trial court for resentence, which may be done under certain circumstances, as is clearly made to appear from the following authorities: *People* v. *Johnson,* 71 Cal. 384, 12 Pac. 261; *State* v. *Houghton,* 46 Or. 12, 75 Pac. 822; *State* v.

*Harness*, 11 Idaho 122, 80 Pac. 1129; *People* v. *Rardin*, 255 Ill. 9, 99 N. E. 59, Ann. Cas. 1913D, 282.

The record presented for review discloses no reversible error, and the judgment therefore should be, and it accordingly is, affirmed.

McCARTY and CORFMAN, JJ., concur.