## McEWAN et al. v. ANDERSON

No. 3021.   Decided September 10, 1917.   (167 Pac. 685.)

1. APPEAL AND ERROR—DISMISSAL—GROUNDS.   That bill of exceptions was not settled in time is not ground for dismissal of appeal. (Page 318.)

2. EXCEPTIONS, BILL OF—SETTLEMENT AFTER TIME.   The bill of exceptions being settled, without any extension of time, after the time allowed by statute therefor, and therefore without jurisdiction, is without any force or effect.   (Page 318.)

3. APPEAL AND ERROR—DISMISSAL—GROUNDS.   Appeal will be dimissed, the trial clerk certifying that no notice of or undertaking on appeal has been filed there, and no assignment of errors, abstracts, or briefs having been served or filed by appellant, though the transcript has been on file in the appellate court for nearly a year.   (Page 318.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

Condemnation proceedings by John H. McEwan and others against Johanna C. J. Anderson.

From the judgment defendant appeals.

APPEAL DISMISSED.

*J. H. McDonald* for appellant.

*Jacob Evans* and *G. P. Parker* for respondents.

FRICK, C. J.

In this case plaintiffs obtained a judgment in the district court of Wasatch County, Utah, condemning a small strip of ground owned by the defendant, amounting to 25/100 of an acre, over which to construct an irrigating ditch, and the defendant was awarded judgment for the value of the land taken, and also for damages to her land by reason of the construction of the ditch aforesaid.   The defendant appeals from the judgment of condemnation, and also from the judgment awarding damages.

At the threshold we are met with a motion by plaintiffs to dismiss the appeal on two grounds: (1) that the pretended

bill of exceptions was not settled in time; and (2) that no
assignments of error, abstracts, or briefs have been served
upon respondent.

The record filed in the case shows the following: Judg-
ment was duly entered May 20, 1916; notice of appeal was
served and service admitted October 16, 1916; transcript on
appeal was filed in this court November 23, 1916.
The objection that the bill of exceptions was not settled
in time, which, however, is not a reason for dismissing
the appeal, is nevertheless serious, because it involves the
power of the district court to settle and allow the bill. The
record shows that the judgment was entered May 20, 1916,
and notice of entry thereof served on appellant's counsel
on June 1, 1916. The bill of exceptions was settled and signed
October 14, 1916. The bill was therefore settled four months
and fourteen days after notice of entry of judgment was
served, which is three months and fourteen days after it
should have been settled under our statute. The district
judge, in settling the bill of exceptions did so conditionally;
that is, the record shows that he settled and allowed it, stat-
ing it in his own language, "provided the time for settlement
of bill of exceptions has not expired." In view that no
extensions of time to serve, settle, and sign the bill of excep-
tions were granted, the district court, under all of our deci-
sions, was without jurisdiction or power to settle and allow
the bill at the time he signed and allowed it, and hence the
bill of exceptions filed in this case is without any force or
effect. In view, therefore, that there is no bill of exceptions,
all we can do is to examine into the pleadings, findings of
fact, and judgment.

The findings of fact and conclusions of law are not at-
tached to the transcript, but the original judgment or decree,
as before stated, is made a part of it. Moreover the clerk
of the district court of Wasatch County, where the case
originated and was tried, certifies: "No notice of ap-
peal, nor undertaking on appeal, has been filed in my
office." In addition to the foregoing, no assignment of errors,
or abstracts, or briefs, have been served or filed by the appel-

lant, although the transcript on appeal has been on file in this court since November 23, 1916, as before stated. In view of the foregoing state of the record, we have no alternative save to dismiss the appeal.

It is therefore ordered that the appeal be, and the same is, dismissed, at appellant's costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.