## INDEPENDENT GAS & OIL CO. v. BENEFICIAL OIL CO. et al.

No. 4601.  Decided March 29, 1928.  (266 P. 267.)

*Willey & Willey,* of Salt Lake City, for appellants.

*Story & Crow,* of Salt Lake City, for respondent.

HANSEN, J.

This appeal is prosecuted by defendants. At the threshold of this cause we are met with a motion to strike appellants' bill of exceptions. The record before us discloses these facts: A trial was had upon issues joined by plaintiff's complaint and separate answers of the defendants. The trial resulted in a money judgment in favor of the plaintiff and against the defendants. On January 12, 1927, proposed findings of fact, conclusions of law, and judgment were served upon the attorneys for the defendants. On January 15, 1927, findings of fact, conclusions of law, and judgment were signed by the judge who tried the cause and filed with the clerk. On January 17, 1927, notice of entry of judgment was served upon the attorneys for the defendants. On the same day, January 17, 1927, counsel for defendants were also served with a copy of memorandum of costs and disbursements. On January 19, 1927, another notice of entry of judgment was served upon the attorneys for the defendants. On January 22, 1927, the attorneys for defendants served upon the attorneys for plaintiff a motion to retax costs. On January 24, 1927, the attorneys for plaintiff served notice on the attorneys for defendants that the motion to retax costs would be called up for argument and disposal on Saturday, January 29, 1927. On January 29, 1927, counsel for both plaintiff and defendants appeared

in court and then and there stipulated that plaintiff's cost bill be reduced from $145.20 to $93. In this connection we observe that what purports to be a minute entry appearing in the judgment roll indicates that the date of the stipulation and reduction of costs was May 29, 1927, but counsel for both plaintiff and defendants seem agreed that this date is incorrect. So far as the record discloses nothing further was done in connection with this cause until March 1, 1927, when an order was made granting defendants 30 days' additional time in which to prepare, serve, and file their bill of exceptions. The order granting defendants additional time in which to prepare, serve and file their bill of exceptions was made without any application to the court or a judge thereof asking that defendants be relieved from their failure to secure an extension of time within 30 days after the service of notice of judgment. Nor has such an application been made since the order was entered extending the time in which to prepare, serve, and file a bill of exceptions.

The following provisions of Comp. Laws Utah 1917 fix the time within which a bill of exceptions shall be prepared and served. We quote only such part of the laws as are deemed material to the question here involved:

"Sec. 6969. When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment if the action were tried with a jury, or after service of notice of the entry of judgment if the action were tried without a jury, or after service of notice of the determination of a motion for a new trial, prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party. * * *"

"Sec. 7023. When an act to be done as provided in this Code relates to * * * the preparation, service, filing, or presentment of bills of exception, or of amendments thereto, * * * the time allowed by this Code may be extended, upon good cause shown, by the court in which the action is pending, or by a judge thereof."

"Sec. 6619. The court may, in furtherance of justice, * * * upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.

After the time fixed by Comp. Laws Utah 1917, § 6969, had expired, without any further extension of time as provided by Comp. Laws 1917, § 7023, the district court was without jurisdiction or power to grant further time until the defendants had first been relieved from their default in failing to keep alive the time in which to prepare and serve their bill of exceptions. Such has been the repeated and uniform holdings of this court. *Butter* v. *Lamson*, 29 Utah 439, 82 P. 473; *Bryant* v. *Kunkel*, 32 Utah 377, 90 P. 1079; *Warnock Ins. Agency* v. *Peterson Inv. Co.*, 35 Utah 542, 101 P. 699; *Metz* v. *Jackson*, 43 Utah 496, 136 P. 784; *Tooele Imp. Co.* v. *Hoffman*, 44 Utah 532, 141 P. 744; *Allen* v. *Garner*, 45 Utah 39, 143 P. 228; *McEwan* v. *Anderson*, 50 Utah 317, 167 P. 685; *State* v. *Martin*, 149 Utah 136, 164 P. 500.

In order to invoke the jurisdiction or power of the district court to revive and grant further time in which defendants may prepare and serve their bill of exceptions under the provisions of Comp. Laws Utah 1917, § 6619, it was necessary for them to make a proper application and showing. *Morgan* v. *O. S. L. R. Co.*, 27 Utah 92, 74 P. 523; *Felt* v. *Cook*, 31 Utah 299, 87 P. 1092; *Tooele Imp. Co.* v. *Hoffman* and *Allen* v. *Garner*, supra.

Comp. Laws Utah 1917, § 5843, provides:

"The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it is also excluded."

The provision of the foregoing statute has been construed by this court in the following cases: *Tilton* v. *Sterling Coal Co.*, 28 *Utah* 173, 77 P. 758, 107 Am. St. Rep. 689; *I. X. L. Furn. Co.* v. *Berets*, 32 Utah 454, 91 P. 279; *Fuller* v. *Ferren*, 51 Utah 105, 168 P. 1179.

It is obvious that more than 30 days had elapsed after the notices of entry of judgment, that is, January 17, 1927, and January 19, 1927, and before the time defendants were granted 30 days' additional time in

which to prepare and serve a bill of exceptions, that is, March 1, 1927. It is also clear that under the provisions of Comp. Laws Utah 1917, § 5843, as construed by this court in the cases of *Tilton* v. *Sterling Coal Co., I. X. L. Furn. Co.* v. *Berrets,* and *Fuller* v. *Ferrin,* supra, the order of March 1, 1927, was not within 30 days after January 29, 1927. We take judicial notice of the fact that February 28, 1927, was a Monday and that it was not a legal holiday. Excluding January 29th there were two days left in January and 28 days in February, so that an act to be performed within 30 days after January 29, 1927, must have been performed before midnight February 28, 1927.

Counsel for appellants suggested in oral argument that, even though the order of March 1st was one day late, this court should not strike the bill of exceptions. Doubtless, if a timely and proper application had been made to the district court to relieve the defendants from their failure to keep alive the time in which to prepare and serve their bill of exceptions, the fact that defendants were only one day late could properly be taken into consideration by the district court in determining whether or not defendants should be relieved from their default. This court, however, is not authorized to hold that the order of March 1, 1927, is within 30 days after the order of January 29, 1927. Such a construction would be contrary to the clear provisions of Comp. Laws Utah 1917, § 5843, and would also be contrary to the former decisions of this court.

It is also contended on behalf of appellants that the time within which a bill of exceptions may be prepared and served did not begin to run until appellants' counsel were served with notice of the order retaxing costs entered January 29, 1927. It is respondent's contention that the time within which a bill of exceptions may be prepared and served begins to run upon the service of notice of the entry of judgment. In the view we have taken it is not necessary for us to determine whether the time within which

to prepare and serve the bill of exceptions began at the time of the service of notice of judgment or at the time the order was entered retaxing costs. Unless defendants were entitled to notice of the entry of the order retaxing costs, their time for preparing and serving their bill of exceptions had expired on March 1, 1927, when the order was made granting them 30 days' additional time. Counsel for defendants have not cited any authorities in support of their contention that they were entitled to service of a written notice upon them of the entry of the order retaxing costs. This order was made upon defendants' application. Counsel for defendants must have had actual knowledge of the entry of the order because they were present in court and stipulated that the order should be made. There is nothing in our statute requiring the service of a notice of the entry of an order retaxing costs.

This court has held that a party who prepares the findings of fact, conclusions of law, and decree must of necessity be deemed to have notice of the decision. *Jensen* v. *Lichtenstein*, 45 Utah 320, 145 P. 1036; *Cody* v. *Cody*, 47 Utah 456, 154 P. 952. So, here, the attorneys for defendants who filed a petition to retax costs and upon the hearing of their petition stipulated that the amount of costs be fixed at $93 must of necessity be deemed to have notice of what was done upon their request and in their presence. We see no escape from the conclusion that the motion to strike the bill of exceptions should be granted. Such is the order. All of appellants' assignments of error are based upon the bill of exceptions.

It therefore follows that the judgment rendered in this cause should be and the same is affirmed. Respondent is awarded costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON JJ., concur.