In re PETERSON.

No. 5579. Decided August 15, 1935. (48 P. [2d] 468.)

*Knox Patterson,* of Price, for appellant.

*F. B. Hammond,* of Moab, for respondent.

ELIAS HANSEN, Chief Justice.

This is a proceeding instituted by John Peterson, who as petitioner seeks to restrict the corporate limits of the town of Moab, Grand county, Utah, pursuant to R. S. Utah 1933, 15-4-1 to 15-4-5, both inclusive. Mr. Peterson is the sole owner of the land consisting of 52.5 acres which he seeks to have detached from the town of Moab. He claims the right to have his land detached because, as he in substance alleges in his petition, it is used exclusively for agricultural purposes; it is not now, and never has been platted; it is remote from the business and residential district of the town; it is not so situated as to render it desirable for business or residential purposes; and it received no benefit whatsoever from being within the corporate limits of the town. To the petition are attached two plats, one purporting to be a plat of the town with petitioner's land included; the other with the petitioner's land excluded. In the answer to the petition the town of Moab denies generally the allegations upon which the petitioner relies for his claimed right to have his land detached from the town. As a further answer, it is in substance alleged by the town that ever since the town of Moab was organized the land sought to be detached has been included within the town; that petitioner and his predecessors in interest joined in the petition to incorporate the town; that the funds derived from taxation of the area within the town are barely sufficient to support the town government; that a large part of the area within the corporate limits of the town are agricultural lands, and if any of such agricultural lands are withdrawn from the town all

of such lands would have the same right, and if all agricul-lands are withdrawn there will be insufficient lands remain-ing to support the town government; that the lands of the petitioner have received and continue to receive benefits from the town government in the following particulars; Police protection, the expenditure by the town of money on its main street, the supervision and control by the town of the public waterworks and power plant, enhanced value of the land accruing by reason of its proximity to the schools, churches, and all social endeavors of the town; that the with-drawal of petitioner's land from the town would be of no benefit to him because he is the owner of extensive business property on the main street of the town, and if the land he seeks to have detached is detached, the taxes on his business property will be increased; that to permit the withdrawal of the land described in the petition will destroy the symmetry of the boundaries of the town.

To the answer, the petitioner demurred generally and specially, moved to strike some of the allegations of the answer, and replied, denying generally that the land sought to be detached received any benefits from the town govern-ment. The demurrer to the answer was overruled and the motion to strike was denied. Upon the issues thus raised a trial was had to the court sitting without a jury. There-after the court entered what is designated as a "decree," wherein it is recited:

"(1) That the said petition was filed by a majority of the property owners of the real estate sought to be disconnected from the limits of the Town of Moab. (2) That the allegations of the petition are substantially true and are supported by sufficient competent evidence. (3) That the lands sought to be disconnected are now within the limits of the Town of Moab, Grand County, Utah, and are described as follows, to wit: (Then follows a description of the property.) (4) That justice and equity require that the following described por-tion of said lands be severed from and be disconnected from the limits of the said Town of Moab: (Then follows a description of a rectangu-lar tract of land 905.1 feet wide by 117 rods long.)"

The court decreed that such tract of land be severed and

withdrawn from the limits of the town of Moab, Grand
county, Utah. The town appeals from that decree. At the
threshold of our review of the record before us we are
confronted with a motion to dismiss the appeal and
also a motion to strike the bill of exceptions. The
motion to dismiss the appeal is made on the following
grounds: (1) That the appeal was not taken within time;
and (2) that no undertaking on appeal was given. There is
no merit to the motion. The motion for a new trial was
denied on December 16, 1933. The notice of appeal was
served and filed on May 22, 1934. Thus less than six months
lapsed between the time a new trial was denied and the time
notice of appeal was served and filed. The town of Moab
being a public corporation is not required to give an under-
taking on appeal. R. S. 1933, 104-54-18. The motion to dis-
miss the appeal is denied.

The motion to strike the bill of exceptions is upon the
ground that the same was not settled, served, and filed with-
in the time required by law. It is urged on behalf of the
respondent that appellant was in default in failing to
keep alive the time in which it was entitled to have the
bill of exceptions prepared, served, settled, and filed
and that the court below, without first relieving appellant
from its default, attempted to extend the time in which its
bill might be prepared, served, settled, and filed. The facts
touching that question are: A motion for a new trial was
served and filed within time. Thereafter the attorneys for
respondent requested the attorney for the appellant to stipu-
late with respect to the trial court acting upon the motion
for a new trial at chambers. To such request the attorney
for appellant by letter dated November 20, 1933, replied:

"I doubt the expediency of signing the stipulation overruling the
motion for a new trial in the Moab Town case, or any other case, but
this is my authorization and consent to Judge Christensen to pass up-
on the motion in chambers, provided I shall receive actual notice to
me by registered mail, the return card on the register constituting
date of notice. This is for the reason I will probably be at Reno,
Nev., and I want to be sure of receiving the notice."

On December 16, 1933, an order was made overruling the motion for a new trial. The order contained this direction:

"The applicant shall serve notice upon counsel for the protestants by mailing a copy of this order to Attorney Knox Patterson at his address at 630 Judge Building, Salt Lake City, Utah, by registered mail, and the date of receipt thereof as it shall appear on the registered return card shall constitute the date of receipt by said attorney of said copy."

Notice and a copy of the order overruling the motion for a new trial were served by registered mail as directed in the order upon the attorney for the town of Moab, and the return card showed receipt thereof by "Knox Patterson, by M. McCarthy, His agent," on December 22, 1933. Nothing further was done in the cause until under date of January 29, 1934, counsel for appellant prepared a motion supported by affidavit whereby he moved "the court to grant to the Town of Moab until March 15, 1934 in which to prepare, serve, settle and file its bill of exceptions." The motion was filed in the cause on February 14, 1934. In the affidavit attached to the motion for additional time to prepare, settle, serve, and file a bill of exceptions, it is in substance averred by counsel for the town of Moab that he does not now recall the exact circumstances with reference to the receipt of a copy of the order overruling the motion for a new trial; that he personally did not receive the registered letter containing the motion and copy of the order overruling the motion for a new trial, but the same was received and signed by his stenographer; that he does not recall receiving or reading the copy of the order overruling the motion for a new trial until sometime after Christmas of 1933; that while he is willing to accept service of the order overruling the motion for a new trial as made, he has no record showing when said notice reached him or when the time began to run for the preparation, serving, and filing of a bill of exceptions; that from December 1 to 21, 1933, he was in Reno, Nev.; that he was not definitely advised by the town of Moab until January 27, 1934, that it desired to

prosecute an appeal and for that reason did not make any investigation as to when notice was served of the overruling of the motion for a new trial; that in his opinion it would probably require six weeks to secure a transcript of the testimony.

Counsel for respondent filed in the cause objections to the granting of additional time in which to prepare, serve, settle, and file a bill of exceptions. To such objections he attached his affidavit wherein he recites a history of the proceeding had with respect to the motion for a new trial, the order overruling the same, and the giving of notice thereof. He insists that the facts alleged in the affidavit of counsel for the town of Moab do not constitute a legal excuse for his failure to prepare and serve its bill within time or in lieu thereof to make timely application for additional time.

Under our statute appellant had thirty days after service of notice of overruling the motion for a new trial in which to prepare and serve its bill of exceptions. R. S. 1933, 104-39-4. The notice of overruling the motion for a new trial was given as directed by our statute. R. S. 1933, 104-43-3. Such notice was, according to the affidavit of counsel for respondent, mailed apparently at Moab, Utah, on December 18, 1933, and received at Salt Lake City, Utah, on December 22d following. The distance from Moab to Salt Lake City by the most direct route is 245 miles. If time be computed from the date of mailing the notice as directed by R. S. 1933, 104-43-4, the service of notice was completed on December 28, 1933. The notice was given as directed by the court. To hold that time did not begin to run until counsel for apellant personally received actual notice would lead to endless confusion, especially where, as here, counsel himself does not seem to know definitely when he acquired actual knowledge of the overruling of the motion. In any event, he had actual notice in ample time to take steps to keep alive the time in which a bill of exceptions should be prepared, served, settled, and filed. It will be observed that

notwithstanding counsel for appellant admittedly knew soon after Christmas that the motion for a new trial was denied on December 16, 1933, nothing was done until January 29, 1934, to secure additional time. Under such circumstances there is no escape from the conclusion that the court below was without authority to extend the time in which a bill of exceptions might be prepared and served in the absence of a proceeding being first had to relieve appellant from its default as provided for in R. S. 1933, 104-42-7 and 104-14-4. *Butter* v. *Lamson,* 29 Utah 439, 82 P. 473; *Bryant* v. *Kunkel,* 32 Utah 377, 90 P. 1079; *Warnock Ins. Agency* v. *Peterson Real Estate Inv. Co.,* 35 Utah 542, 101 P. 699; *Metz* v. *Jackson,* 43 Utah 496, 136 P. 784; *Tooele Improvement Co.* v. *Hoffman,* 44 Utah 532, 141 P. 744; *Allen* v. *Garner,* 45 Utah 39, 143 P. 228; *McEwan* v. *Anderson,* 50 Utah 317, 167 P. 685; *State* v. *Martin,* 49 Utah 346, 164 P. 500; *Independent Gas & Oil Co.* v. *Beneficial Oil Co.,* 71 Utah 348, 266 P. 267.

The proceedings had for an extension of time in which to prepare, serve, settle, and file a bill of exceptions on the occasion now under review were not such as are required where a party seeks to be relieved from default for failure to have the same prepared, served, settled, and filed within time. *Morgan* v. *Oregon Short Line R. Co.,* 27 Utah 92, 74 P. 523; *Felt* v. *Cook,* 31 Utah 299, 87 P. 1092; *Tooele Improvement Co.* v. *Hoffman and Allen* v. *Garner,* supra. It was not until February 7, 1934, that the court below granted the Town of Moab additional time in which to prepare, serve, and file its proposed bill. No order was made relieving appellant from its default.

The motion to strike the bill of exceptions is granted. The cause is thus before us for review upon the judgment roll and that alone. Appellant assigns as error the order of the trial court in overruling its demurrer to the petition. If a demurrer was filed to the petition in the court below, the same has not been made a part of the record on appeal. We are not advised as to the nature of the

demurrer, but assuming, as is indicated by the assignment, that the demurrer was general, the order overruling the same was proper. The allegations of the petition for the detachment of respondent's property from the town of Moab are sufficient to withstand an attack by such a demurrer.

Appellant assigns as error the failure of the court to make proper or any findings of fact on the issues raised by the pleadings. The only findings made upon the issues are "that the allegations of the petition are substantially true and are supported by sufficient competent evidence." No finding was made as to the allegations contained in the answer. While recognizing the general doctrine that in suits in equity and civil actions at law tried to the court sitting without a jury, findings on all material issues are necessary, counsel for respondent contends that in proceedings such as this, because of the provisions of the statute, the findings made are sufficient to support the decree of segregation. In support of such contention reliance is had upon the provisions of R. S. 1933, 15-4-1 and 15-4-2, wherein it is provided that "issue shall be joined and the cause tried as provided for the trial of civil causes as nearly as may be" and "if the court finds that the petition was signed by a majority of the real property owners of the territory concerned and that the allegations of the petition are true and that justice and equity require that such territory or any part thereof should be disconnected from such city or town," etc. It will be noted that the findings made upon the issues raised by the pleadings are merely that the allegations of the petition are substantially true.

One of the purposes served by findings is to enable an appellate court, especially where an appeal is had on the judgment roll, to determine whether or not the judgment or decree appealed from is supported by sufficient facts. The so-called findings made in the instant case do not materially aid us in determining that question. A tribunal which is required to determine a controversy must be ad-

vised not only as to the truth or falsity of material allegations of the petition, but likewise as to the truth or falsity of the material allegations of the answer. Both are equally essential to a proper adjudication. In legal procedure the truth or falsity of allegations contained in pleadings must be determined by a comparison of the facts found with the allegations and not by the statement of a bare conclusion that the allegations are or are not true. Such has been the uniform holding of this court in other civil cases, and we can perceive of no good reason why the same rule should not apply in a proceeding to detach property from a city or town. There is nothing in the language of the statute relied upon by respondent which calls for a different rule. The so-called findings made in this cause are fatally defective and may not be said to support the decree.

The bill of exceptions having been stricken, we are precluded from a review of the evidence and therefore cannot make or direct what findings should be made by the court below. The failure of the trial court to make proper findings requires a reversal of the decree appealed from.

Respondent has assigned cross-errors. He contends that the errors which he assigns are such as to render harmless any of the alleged errors relied upon by appellant. Complaint is made because the trial court refused to strike a number of allegations contained in the answer of the town of Moab. One of such allegations which petitioner in the court below sought to have stricken was to the effect that a large part of the land within the town was agricultural and, if such land was segregated, Moab would have insufficient taxable property to support its town government. The mere fact that the town of Moab would lose its income heretofore derived from the taxation of the land in question does not justify the refusal of petitioner's application to have his land segregated from the town. *Lorimor* v. *Incorporated Town of Lorimor*, 196 Iowa 774, 195 N. W. 199.

Complaint is also made because the trial court refused to strike from the answer of the town of Moab the allegation to the effect that the petitioner and his predecessors in interest joined in the petition to have the town of Moab incorporated. We are unable to perceive just what facts the town of Moab intended to prove under that allegation. If the petitioner had requested to have the land in question included within the limits of the town, it may be that the trial court should consider such fact in determining whether or not the petitioner should now be permitted to have his land segregated. On the contrary, the mere fact that the petitioner participated in the incorporation of the town of Moab would not preclude him from having the land in question segregated from the town. In any event, so far as appears, the petitioner was not prejudiced by the refusal of the court to strike that allegation from the answer of the appellant. The allegations contained in the answer to the effect that the land in question enjoys the police protection, the benefits of the supervision and control of public waterworks and power plant by the town, and that the town maintains streets adjoining petitioner's land, should not have been stricken. Such matters have a direct bearing upon whether or not the property in question should be segregated from the town and as such are proper matters for judicial inquiry in this proceeding. While, as indicated, there is merit to some of petitioner's cross-assignments of error, none of them may be said to ward off the error of the trial court in failing to make proper findings of fact.

The judgment is reversed. This cause is remanded to the district court of Grand county, Utah, with directions to grant a new trial, or, if the parties are so agreed, to make findings of fact upon the evidence heretofore offered and received. In view of the fact that the bill of exceptions is stricken and neither party may be said to have wholly prevailed on this appeal, no costs will be allowed either party.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.