LARSEN et al. v. MADSEN et al.
MADSEN et al. v. ANDERSON et al.

No. 5648. Decided Aug. 19, 1935. (48 P. [2d] 429.)

*Jensen & Jensen,* of Ephraim, for appellants.

*Lewis Larson,* of Manti, for respondents.

MOFFAT, Justice.

This is a proceeding brought by respondents alleging a contempt in violation of the court judgment and decree relating to the use of certain waters in Sanpete county, Utah. An action was originally commenced in the district court by and against the parties first above, entitled, and this proceeding is against Russell Anderson and his tenant Charles E. Jennings for interfering with the waters theretofore adjudicated in violation of the decree entered therein. The decree in the former action is pleaded and set out at length as a part of the application for an order directing the defendants to show cause why they should not be punished "as for contempt." Defendants admit knowledge of the decree and the use and distribution of the water thereunder, but claim to have acquired some rights adversely or from a source not adjudicated in the decree which they are charged with violating. Aside from the demurrer to the application, only issues of fact are raised by the assignments of error, except the sufficiency of the decree claimed to be void for uncertainty.

Appellants' first assignment of error complains that the petition or application is insufficient because it is claimed it does not show any acreage of land to which water is appur-

tenant or the quantity of water decreed to any party, or the beneficial use thereof. This is an attempt to collaterally attack the decree previously entered. The findings are not set out, and in the absence of any attack upon them it is presumed that when the court makes a finding or a decree, the facts support the finding and the findings support the judgment unless they are directly drawn in question. While the decree does not specify either the flow in second feet or quantity in acre feet, it does apportion and decree the whole stream to the parties to the action for use for specified periods regularly rotated. We think the demurrer was properly overruled and the first assignment of error is without merit.

The second assignment claims the court was in error in deciding that the decree included water from four small springs, the location of which is given, but the supply is claimed to be from a source not included in the original decree. There is no bill of exceptions here or transcript of the testimony. The court made findings, and we must again presume the findings are supported by the evidence.

Assignments 3, 4, and 5 complain that the court erred in making certain findings. Again we are faced with the problem of being called upon to determine whether a finding is or is not supported by the evidence with no evidence in the record by which to gauge the findings.

Assignment No. 6, the last one, claims error because of denying and overruling defendants' motion for a nonsuit. After a seven days' hearing the trial court must be presumed to know whether there was evidence in the record to justify the action. We have no means of determining the merits of such an assignment without a transcript of the evidence.

We are not in a position to find there was error committed by the trial court. No error being pointed out and having no means of reviewing situations claimed to be based

upon want of evidence, or being contrary thereto, without the evidence, we can find no reversible error.

The judgment is affirmed. Respondents to recover costs.

ELIAS HANSEN, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

WOLFE, Justice. I concur in the results.