## ATKINSON v. PELLEGRINO et al.

No. 6944. Decided October 17, 1946. (173 P. 2d 543.)

See 4 C. J. S., Appeal and Error, sec. 845; 3 Am. Jur., 244.

C. E. *Norton,* of Salt Lake City, for appellant.

H. G. *Metos,* of Salt Lake City, for respondent.

LARSON, Chief Justice.

This appeal is on the judgment roll without a bill of exceptions. We have before us the pleadings, the findings of fact, the conclusions of law and the judgment. Annexed by counsel at the end of the judgment roll is a number of asserted irregularities and errors that are urged upon the attention of the court by counsel for the appellant; but we cannot consider them. Counsel has entitled them "Bill of Exceptions" when in fact they are assignments of error. The so-called Bill of Exceptions has never been settled; there is no certificate signed by the trial judge stating that the exceptions have been allowed and settled; these papers have not been filed with the clerk of the court. The misentitled assignments of error pose questions involving evidence which we cannot consider because Section 104-39-4, U. C. A. 1943 has not been complied with, and because a consideration of them requires an examination of the evidence. There being no Bill of Exceptions, we must assume the evidence sustained the findings of fact. The only question presented for our determination is whether the pleadings are sufficient to sustain the findings of fact and the judgment. *Metz* v. *Jackson,* 43 Utah 496, 136 P. 784; *Coates* v. *Allen,* 88 Utah 545, 56 P. 2d 612. We find that they are.

A mass of exhibits and files of the case in the court below have been attached to and filed in this court with the judgment roll, but they do not by that means become a part of the record. What constitutes the judgment roll is specifically set forth in Section 104-30-14, U. C. A. 1943 and whatever additional the appellant desires to bring into the record on appeal, must be made a part of the judgment roll as provided by this statute. See *Bachman* v.

*Smith & Thompson,* 1 Utah 237. Also, *O'Gorman* v. *Utah Realty & Construction Co.,* 102 Utah 523, 129 P. 2d 981. We can consider nothing but the judgment roll. In that we find no error.

No question is raised that the judgment is not supported by the findings of fact and conclusions of law. In this regard, there is nothing here to review. *Tooele Improvement Co.* v. *Hoffman,* 44 Utah 532, 141 P. 744; *Larsen V. Madsen,* 87 Utah 48, 48 P. 2d 429; *Coates* v. *Allen,* supra.

Judgment is affirmed. Respondents to recover costs.

McDONOUGH, PRATT, and WADE, JJ., concur.

WOLFE, Justice.

I concur. To supplement the statement in the first paragraph of the opinion that there is no Bill of Exceptions I think it helpful to add the following. The document entitled "Bill of Exceptions" annexed at the end of the judgment roll in addition to containing a number of the alleged irregularities and errors urged upon the court by counsel for the appellant also included a list of the exhibits which were introduced at the trial. On the last page of the document is a stipulation by both counsel that the

"foregoing Bill of Exceptions is hereby settled and that all of said Exhibits above listed be, and are, made a part hereof by said references and annexing the same hereto, and that the whole thereof constitutes this Bill of Exceptions for all of the purposes of this appeal."

Section 104-39-4, U. C. A. 1943, provides the procedure for the preparing and settling a Bill of Exceptions. That procedure must be followed. A stipulation by counsel that a particular document is a "Bill of Exceptions" does not make it so.